FILED
MAY 29 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Christopher D. Hemmings
Reg. No. 63179-053
U.S.P. Florence
Post Office Box 7000
Florence, Colorado  81226-7000

      Plaintiff,

Vs.

United States of America;
Adam Michael Abensohn;
Sean Thomas Haran;
Department of Justice;
Bureau of Prisons; Harley
Lappin, D. Scott Dodrill;
Jonathan C. Miner; Ronnie
R. Holt; Harrell Watts;
Unit Manager Trottman;
CMC Tanner; Unit Manager
Page; Unit Manager Lindsey;
Case Manager Whitmar;
Counselor Jones; Counselor
Fisher; S.I.S. R. Eder; S.I.S.
Lieutenant Johnson; Lieutenant
J. Davenport; Lieutenant Caprio;
Case Manager Barrett; S.O.S. D.
Stroble; S.O.S. R. Woody;
All in their individual and
Official Capacities,

      Defendants.

Case: 1:08-cv-00907
Assigned To : Bates, John D.
Assign. Date : 5/29/2008
Description: Pro Se Gen. Civil

To Be Filed Under
42 U.S.C. §§ 1983
28 U.S.C. §§ 1331
and 2671 et. seq.

RECEIVED
MAY 19 2008
Clerk, U.S. District and
Bankruptcy Courts

-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER D. HEMMINGS, )
        Plaintiff, )
) Complaint for Damages
) 28 U.S.C. §§ 1331, 42
Vs. ) U.S.C. §§ 1983 and
) 2671 et seq.
)
UNITED STATES OF AMERICA, et al., )
        Defendants. )
) Civil Case
) No. _____

## PLAINTIFF'S COMPLAINT SEEKING DAMAGES

Christopher D. Hemmings, plaintiff pro se (Hemmings), submits this complaint seeking damages from Federal prison officials for violating his rights under the Constitution, Civil Rights Act and the Federal Tort Claims Act (F.T.C.A.). Hemmings seeks monetary damages as compensation for injuries sustained.

### JURISDICTION

1. 42 U.S.C. § 1983

2. 28 U.S.C. § 1331

3. Bivens v. Six unknown named agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

4. 28 U.S.C. § 2671, F.T.C.A.

5. United States Constitutional Amendments One, Five, Eight, and Fourteen.

6. Civil Rights Act.

7. This lawsuit does not present any successive claim or claims. There has been no other lawsuit filed in court involving the plaintiff, defendants, nor the claims presented herein.

8. Plaintiff Hemmings, a Federal prisoner has pursued and exhausted all available administrative remedies under the prisons grievance and tort procedures.

## PARTIES INVOLVED

### PLAINTIFF

9. Christopher D. Hemmings, a federal prisoner incarcerated under prison register number 63179-053, at United States Penitentiary Florence, Post Office Box 7000, Florence, Colorado, 81226.

### DEFENDANTS

10. United States of America.

11. Bureau of Prisons (B.O.P.) Washington, D.C.

12. Department of Justice.

13. Adam Michael Abensohn, Assistant United States Attorney, Brooklyn, New York, E.D.N.Y.

14. Sean Thomas Haran, Assistant United States Attorney, Brooklyn, New York, E.D.N.Y.

15. Harley Lappin, Director of B.O.P. Washington, D.C.

16. D. Scott Dodrill, Regional Director of B.O.P. Northeast Region, Philadelphia, Pennsylvania.

17. Jonathan C. Miner, B.O.P. Warden, United States Penitentiary Allenwood, Allenwood, Pennsylvania.

18. Ronnie R. Holt, B.O.P. Warden, United States Penitentiary Canaan, Waymart, Pennsylvania.

19. Harrell Watts, B.O.P. Administrator of Inmate National Appeal, Washington, D.C.

20. Mr. Trottman, B.O.P. Unit Manager, United States Penitentiary Allenwood, Allenwood, Pennsylvania.

21. Mr. Tanner, B.O.P. C.M.C., United States Penitentiary Allenwood, Allenwood, Pennsylvania.

22. Mr. Page, B.O.P. Unit Manager, M.D.C. Brooklyn, Brooklyn, New York.

23. Mr. Lindsey, B.O.P. Unit Manager, United States Penitentiary Canaan, Waymart, Pennsylvania.

24. Mr. Whitmar, B.O.P. Case Manager, United States Penitentiary Allenwood, Allenwood, Pennsylvania.

25. Mr. Jones, B.O.P. Counselor, M.D.C. Brooklyn, Brooklyn, New York.

26. Mr. Fisher, B.O.P. Couselor, United States Penitentiary Allenwood, Allenwood, Pennsylvania.

27. Mr. R. Eder, B.O.P. Special Investigation Section (S.I.S.), United States Penitentiary Allenwood, Allenwood, Pennsylvania.

28. Mr. Johnson, B.O.P. Special Investigation Section (S.I.S.), United States Penitentiary Allenwood, Allenwood, Pennsylvania.

29. J. Davenport, B.O.P. Lieutenant, United States Penitentiary Allenwood, Allenwood, Pennsylvania.

30. Mr. Caprio, B.O.P. Lieutenant, United States Penitentiary Allenwood, Allenwood, Pennsylvania.

31. Mr. D. Stroble, B.O.P. S.O.S., United States Penitentiary Allenwood, Allenwood, Pennsylvania.

32. Mr. R. Woody, B.O.P. S.O.S., United States Penitentiary Allenwood, Allenwood, Pennsylvania.

33. Mr. Barrett, B.O.P. Case Manager, United States Penitentiary Cannaan, Waymart, Pennsylvania.

## STATEMENT OF THE CASE

34. Plaintiff Hemmings a Jamaica National, was prosecuted, convicted and sentenced after having violated federal firearms laws.

Consequently, Hemmings is currently a federal prisoner being held in the custody, care and control of the defendants, whom all are federal officials.

35. While at M.D.C. Brooklyn awaiting sentencing, plaintiff Hemmings was threatened by other prisoners whom were gang members from the New York state and Brooklyn area. The threats came about as a result of defendants Abensohn and Sean Haran mishandling of information involving plaintiff Hemmings criminal case. Plaintiff Hemmings made the threats known to defendants Abensohn and Haran. Subsequently, plaintiff Hemmings was physically assaulted by several other prisoners whom were gang members from New York state and the Brooklyn areas. Following the assault, Hemmings life was threatened by the gang members. Plaintiff Hemmings made the threats and assault known to the Honorable Joseph Bianco, Hemmings sentencing judge. Hemmings also made the threats and assault know to defendants Haran and Abensohn. In an effort to protect Hemmings. Judge Bianco issued a recommendation to defendants B.O.P. its employees and defendant Abensohn and Haran that (plaintiff) Hemmings should be detained in a prison facility outside and away from the New York region out of concerns for his safety. The defendants have declined to follow Judge Bianco's recommendations and instead have manipulated Hemmings custody classification score in an effort to keep Hemmings detained in a high custody prison inside the New York region. As a result, Hemmings has been physically assaulted (by New York gang members)

on several occasions, and suffering a broken jaw, denied medical treatment, doused with contaminated liquid, legal papers confiscated and destroyed in an effort to impede access to the court, and B.O.P. defendants have ridiculed Hemmings as a "black ass nigger foreigner" who ain't got nothing coming in an American system but a hard time.

See Attachment.

## STATEMENT OF THE FACTS

At the Metropolitan Detention Center the government exposed Plaintiff to constant threats of violence at the MDC requiring that Plaintiff be transferred to the MCC and placed in segregation for 22 days before being placed in general population where Plaintiff Hemmings was assaulted by New York gang member on 3/17/06, at the hours between 1900 p.m. and until around 1910 p.m., and was placed in the Segregated Housing Unit for three months at the MCC simply because the MCC was not willing to place Hemmings in the general population due to the protection that Plaintiff Hemmings needed.

Hemmings was transferred back to the MDC.

At Hemmings sentencing, Judge Joseph Bianco made the following recommendation to the Bureau of Prisons: that the plaintiff not be designated to a facility in the New York region, that the M.D.C. Unit Manager Mr. Page and Counselor Mr. Jones, and other official designated plaintiff Hemmings to United States Penitentiary Allenwood in Pennsylvania. When plaintiff first arrived at Allenwood Penitentiary on August 30, 2006,, plaintiff explained to official R. Eder, S.I.S., that he was not safe in the New York region, the

official placed Hemmings in the institution in general population, plaintiff spoke to Counselor Mr. Fisher, Case Manager Mr. Whitmar, Unit Manager Mr. Trottman, C.M.C. Mr. Tanner, and the Warden, Jonathan C. Miner, also A.W., that he was not safe in the New York region in a penitentiary, where inmates are asking plaintiff for paperwork like "sentencing minutes, and indictment." Plaintiff called the United States Attorney Sean Thomas Halan, and also attorney at law Mr. Handleman, plaintiff told them about the inmates asking for paperwork like sentencing minutes and indictment. The United States Attorney said he would call the region. Plaintiff asked Counselor Fisher, Case Manager Whitmar, also Unit Manager Trottman and C.M.C. Tanner, about my security classification. They all said plaintiff has 15 points and plaintiff will soon go to a "F.C.I. Medium". Plaintiff told the officials I have less than 15 points, because I have no prior cases and no current cases. They all say Hemmings you have three prior robbery convictions and you soon will leave. Shortly after three inmates broke my jaw, an officer witnessed it and called the lieutenant. The lieutenant asked plaintiff what happened to me right in front of all the inmates. At that moment plaintiff was in a delemma, because plaintiff feared inmates witnessing him telling. Plaintiff went to the unit and told the officer my jaw is broken. The officer called the lieutenant, plaintiff told him the three inmates names and their units who borke my jaw. The lieutenant took plaintiff to the Medical department where the doctor examined plaintiff Hemmings jaw and recommended an ex-ray. Plaintiff was placed in Special Housing Unit. Plaintiff Hemmings told J. Davenport, and R. Woody,

also Mr. Johnson I was assaulted by three inmates, plaintiff was then placed in Special Housing Unit for his safety. And is pending investigation or trial for criminal act. Plaintiff was placed in a two man cell for his safety. The day after staff took plaintiff out of cell 103 and placed plaintiff Hemmings inside a three man cell. Plaintiff told the officer that lieutenant J. Davenport, and R. Woody, told me that I will be safe with the inmate in cell 103. Plaintiff Hemmings went to the outside hospital on 12/12/06 with lieutanant Johnson, plaintiff told him I want justice from the three inmates who broke my jaw. Plaintiff came back from the outside hospital on 12/13/06, plaintiff saw Mr. Johnson, he told plaintiff that the three inmates were in Special Housing Unit, and he would come back and see plaintiff in a week. On 12/15/06, D. Stroble and other staff came to plaintiff's cell and stated "cuff up", plaintiff Hemmings said call the lieutenant, I'm placed here for my safety and you are putting this inmate in the cell who knows the shot-caller who broke my jaw. The officer went away, and later plaintiff got an incendent report. Plaintiff Hemmings was writing a B.P.-8 and B.P.-9 complaining about my designation and incident report also justice from the three inmates who broke my jaw.

From that point the officer started to search my cell some of my legal paperwork came up missing. On 01/14/07, plaintiff Hemmings had to fight for his life for about 2 hours from 11:00 a.m. till 1:00 p.m. Plaintiff Hemmings called for help. The officer came later and failed to write an incident report. On 01/19/07, after complaining the doctor came to evaluate my injuries, and refer an incident report. Plaintiff Hemmings wrote lieutenant Mr. Caprio complaining about his legal paperwork and the officer tryid to kill

-8-

him. Plaintiff got no response. Plaintiff's attorney Laurie S. Hershey wrote the Bureau of Prisons, and the government, also Warden C. Miner, telling them it appears that a facility in Pennsylvania, is too close to New York to protect plaintiff Hemmings, and that his life is in constant jeopardy, asking them to please arrange for an immediate transfer to a safer facility for plaintiff. Shortly after an officer verbally abused plaintiff while physically assaulting him, Officer stated racial comments while physically assaulting plaintiff on March 9, 2007, between the hours of 10:00 a.m. until 1:00 p.m. plaintiff Hemmings called for the lieutenant Mr. Caprio, he then came out of his office and instructed the officer to bring plaintiff Hemmings back to his cell. However, Plaintiff Hemmings requested all Special Housing Unit video tapes seized which display the event that took place and also Plaintiff requested the officers names from lieutenant Caprio and Warden Jonathan C. Miner the Lieutenant Caprio tried to make Plaintiff sign his signature but Plaintiff did not sign. The Warden Jonathan C. Miner, had failed to seize the tapes, and give me the names of the officers.

    Plaintiff Hemmings spent four months in the Special Housing Unit, Counselor Fisher, and Case Manager Mr. Whitmar, told plaintiff Hemmings that his transfer to a "medium because of plaintiff's security classification was medium" the Bureau of Prisons transferred plaintiff to U.S.P. Canaan Penitentiary, Waymart, Pennsylvania, "not a medium." A number of the officials came from the U.S.P. Allenwood Penitentiary, "plaintiff Hemmings was more and more victimized."

## LEGAL CLAIMS

Plaintiff Hemmings re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs inclusive and enumerated in the succeeding paragraphs the cause of action supporting this complaint.

## FIRST CAUSE OF ACTION - FIRST AMENDMENT VIOLATION

Plaintiff Hemmings alleges that his First Amendment Right was violated by the defenants when defendants confiscated and destroyed plaintiff's legal papers and creating situations that would stop plaintiff from filing action.

## SECOND CAUSE OF ACTION - FIFTH AND FOURTEENTH AMENDMENT VIOLATION.

Plaintiff Hemmings alleges that his Fifth and Fourteenth Amendment Rights not to be deprived of due process of law, and not to be racially nor ethnically discriminated against have been violated by the defendants where defendants manipulated plaintiff's custody classification score causing plaintiff's placement in a high security prison inside the New York area/region because plaintiff is an African Jamaica National, and verbally calling plaintiff a "blackass niger foreigner who ain't got nothing come inside an American prison.

## THIRD CAUSE OF ACTION - EIGHTH AMENDMENT VIOLATION.

Plaintiff Hemmings alleges that his Eighth Amendment Right was violated by defendants where the defendants failed to protect Hemmings from assault, caused assaults by placing gang members inside cell with Hemmings following a previous assault, and also where defendants were notified by Judge Bianco that plaintiff's safety was at risk if imprisoned inside or near the New York region. Moreover, the defendants were deliberately indifferent to the substantial risk that the New York gang member posed to plaintiff prior to plaintiff's injury, and the defendant's denial of medical treatment to plaintiff following the assaults, broken jaw and dousing with contaminated liquid.

## FOURTH CAUSE OF ACTION - FAILURE TO PROTECT FROM ASSAULT AND INJURY

The defendants failed to protect plaintiff from assault, injury and harm.

## FIFTH CAUSE OF ACTION - NEGLIGENCE TO TRAIN OR SUPERVISE.

Plaintiff Hemmings alleges that the supervisor defendants named herein were negligent in their failure to train or supervise the non-supervisor defendants, which failure caused or led to plaintiff's assaults and injuries.

## SIXTH CAUSE OF ACTION - LOSS OF CONSORTIUM.

Plaintiff Hemmings alleges that he lost consortium with his wife and other family members as a result of the defendant's conduct, action or inaction.

## SEVENTH CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL HARM.

Plaintiff Hemmings alleges that the defendants did intentionally cause or inflict on him unwanted or unwarranted emotion harm.

EIGHTH CAUSE OF ACTION - INTENTIONAL INFLICTION OF MENTAL DISTRESS.

Plaintiff Hemmings alleges that the defendants did intentionally cause or inflict upon him unwanted and unwarranted mental destress.

NINTH CAUSE OF ACTION - PSYCHOLOGICAL HARM.

Plaintiff Hemmings alleges that the defendants did intentionally cause or inflict upon him unwanted and unwarranted psychological harm.

TENTH CAUSE OF ACTION - PROGRAM STATEMENT P5322.12 and P5100.08

Program statement under plaintiff classification and program review P5322.12 were an inmate's judgment in a criminal case and the statement of reasons are reviewed to ensure any judicial recommendations requiring Unit Team actions. Program statement P5100.08 all of the defendants at M.D.C. Brooklyn, New York, had a duty and obligation to protect plaintiff Hemmings safety and Fifth Amendment Right, because of their negligence plaintiff was placed in a facility other than the region recommended by Judge Bianco. (See attachement)

ATTACHMENT TENTH CAUSE OF ACTION - PRPGRAM STATMENT P5322.12(3) and P5100.08.

Program statement P5100.08 the defendants at U.S.P. Allenwood were aware of plaintiff's unsafe environment and did nothing to affect an immediate transfer from U.S.P. Allenwood until plaintiff's jaw was severly broken. Acted in an individual capacities, at U.S.P. Allenwood Pennsylvania, depriving plaintiff of Fifth Amendment Right and the Eighth Amendment Right by failing to follow a judicial order recommended by Judge Bianco and inmate classification and program

-12-

statement review, P5322.12(3)(d) stating that, "all inmates will be classified within appropriate time frames in accordance with their security, custody, and program."

## ELEVENTH CAUSE OF ACTION
### DUE PROCESS RIGHT INVESTIGATION VIOLATION.

The plaintiff's due process rights were violated by officers on 3-9-07, "officers at U.S.P. Allenwood verbally abusing while physically assaulting plaintiff he stated racial comments, while physically assaulting plaintiff." In front of the Control Center where the facility S.H.U. cameras recorded the incident. This assault was provoked by the officers. They acted outside their individual capacities and used deliberate indifference force against plaintiff.

The tapes were requested in this incident between 10:00 a.m. to about 1:00 p.m. from Lieutenant Mr. Caprio and also Warden Jonathan C. Miner, but he failed to cease the tapes.

The plaintiff's due process right was violated by officials at U.S.P. Allenwood when conducting an investigation into the confirmed medical report that a fight, a part from the previously reported broken jaw incident, had taken place with the plaintiff the officers deliberately placed into the cell with despite my declaration to them that would have placed plaintiff in great harm. The Fifth Amendment prohibits against the deprivement of life, liberty, or property, without due process of law... without just compensation. However plaintiff did not receive any justice from any of the matters of the hearing investigation.

## TWELVETH CAUSE OF ACTION DUE PROCESS RIGHT VIOLATION GOVERNMENT NEGLECT the PARTY PLEA AGREEMENT

the PLAINTIFF due Process Right's were violated by Government Official Fail An Neglect that PLAINTIFF be granted An S-VISA And not be deported. Further Government Official's exposed PLAINTIFF to constant threats of violence At the M.D.C. Requiring that PLAINTIFF be transferred to the M.C.C. due to the Protection that PLAINTIFF Hemmings needed, Further PLAINTIFF was threatened by other Prisoners An has been Physically Assaulted (by New York gang members), despite some real stresses PLAINTIFF Hemmings willingly go forward with the PLEA AGREEMENT, the government official's was impressed by PLAINTIFF Candor, was impressed by PLAINTIFF willingness to go forward despite some real stresses in connection with, the Government official's neglect they Part of PLEA AGREEMENT because PLAINTIFF Hemmings is An African Jamaica Nationality.

14

## STATEMENT OF COMPLAINING
## MEDICAL/DENTAL INJURIES

Injuries sustained: Broken Jaw and broken front dental plate, from the injuries sustaned from my right broken jaw. I am still having pain whenever I eat something hard, when they wired my broken jaw they popped-out my rood-canal-cap on my left side which caused me to have halitosis on my breath. The injuries I received from my front broken dental plate was a split upper lip, which I did not receive any stitches for. I was also bitten on my right thumb and my index finger which I did receive a immune-shot for. After being treated I was placed in a three-(3) man cell which was designed for two-(2) men, where upon I received more injuries do to a fight within the cell. The injuries I sustained from this incident were abrasions on my knees and bleeding from the scrapes i received. In addition, I have a pus-filled swelling on my head which I have been trying to get treatment for over a year and all I have been given for all the injuries I have sustained is some pain-pills. I have also not received any dental treatment for my broken front dental-plate and my root-canal-cap.

<u>"RELIEF" (STATE BRIEFLY WHAT YOU WANT THE COURT TO DO FOR YOU)</u>
<u>MAKE NO LEGAL ARGUMENTS. CITE NO CASES OR STATUTES.</u>

Plaintiff Hemmings is seeking immediate removal out of the B.O.P. Penitentiary institutions, because New York gang members and Jamaican Shot callers are asking for paperwork, such as Sentencing Minutes and indictments, as long as Plaintiff is in a Penitentiary within the B.O.P.'s institutions. Plaintiff's life is in constant jeopardy, "Plaintiff's custody classification score is medium."

Plaintiff Hemmings requests medical/dental care towards the pain and injury Plaintiff is currently suffering from within the B.O.P.'s institutions.

Plaintiff Hemmings is requesting financial damages towards the pain and suffering that plaintiff has, and continues to endure emotionally, mentally and physically.

1. Request trial by jury on all issues triable by jury.

2. Compensatory damages totaling $6,000,000.00 on any one or more causes of actions found by the jury or sustained in favor of plaintiff and against the defendants.

3. Punitive damages to be determined by the jury.

4. Plaintiff's cost of the lawsuit.

Signed this _MAY_ day of _WEDNESDAY 14_, _2008_.

                                         _C.D. Hemmings_
                                       (Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

Date: _5-14-08_                  _C.D. Hemmings_
                                       (Signature of Plaintiff)

## VERIFICATION

The foregoing complaint, by the hand of CHRISTOPHER HEMMINGS, is given subject to the penalties of perjury, per 28 U.S.C. § 1746.

*C. P. Hemmings*
CHRISTOPHER HEMMINGS

Dated: This *MAY* day of *WEDNESDAY 14*, 2008.

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Christopher D. Hemmings

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE PD

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

# 63179-053

## DEFENDANTS

USA, et al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

Case: 1:08-cv-00907
Assigned To : Bates, John D.
Assign. Date : 5/29/2008
Description: Pro Se Gen. Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/ Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. *General Civil (Other)* OR ☒ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ 6 million   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 5/28/08   SIGNATURE OF ATTORNEY OF RECORD  NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.