in United States District Court
For the District of Columbia

Hemmings
V.

USA

Christopher D. Hemmings
U.S.P. Florence
Post office Box 7000
Florence, C.O. 81226

Evidence to Supporting Complaint

Civil Action No. 08-0907

John D. Bates
United States Judge   7/2/08

(1) 14 pages of court Report And Agreement.
(2) 4 pages Attorney Letters, one page inmate Request to staff Member.
(3) 7 pages dental & Medical Report.
(4) 3 pages Custody Classification Medium.
(5) intentional place 3 Prior convictions And also mixed. "2 pages."
(6) 1 pages none Prior Cases none Current Cases.
(7) Assaulted placed for safety. 1 page.
(8) Assaulted in M.C.C. New York. 1 page.
(9) Assaulted broken Jaw. 10 pages.
(10) After broken Jaw staff Fry Force inmate in cell. 2 page
(11) Fight For My Life After Broken Jaw. 1 page.
(12) Medical incident Report After Complaint. 1 page

(13) 3 PAGES INVESTIGATION VIOLATION.

(14) 6 PAGES INVESTIGATION VIOLATION.

(15) 4 PAGES SEEKING JUSTICE FROM 3 INMATE.

(16) I WAS MORE AND MORE VICTIMIZE. 10 PAGES.

VERY TRULY YOURS,

C. P. Hennings

CHRISTOPHER P. HENNINGS

The court thereupon imposed a sentence of 5 years on each count to run consecutively for a total of 120 month's incarceration. (A 83).

Addressing the court directly, Mr. Hemmings expressed his fear of dying in prison:

> This is going to be a life threat. I want
> to go somewhere - like you know, in cooperating,
> the name out there so much, my name is, like
> in this case, my name is, like out there so
> much. And most of the guys that want to get me,
> I think they're designated too near. And also
> for my safety, I'd rather, you know, find somewhere
> like, you know, where to put certain people,
> like go and witnesses and they doing time,
> like secure time. (A 89-90).

The district court responded that it would recommend that the Bureau of Prisons not designate Mr. Hemmings to a prison in the New York City area. (A 90, 91).

**POINT I**

8

9.    Any prosecution resulting from the defendant's failure to comply with the terms of this agreement may be premised upon, among other things:  (a) any statements made by the defendant to the Office or to other law enforcement agents on or after April 19, 2005;  (b) any testimony given by him before any grand jury or other tribunal, whether before or after the date this agreement is signed by the defendant; and (c) any leads derived from such statements or testimony.  Prosecutions that are not time-barred by the applicable statutes of limitation on the date this agreement is signed may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statutes of limitation between the signing of this agreement and the commencement of any such prosecutions. Furthermore, the defendant waives all claims under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or rule, that statements made by him on or after April 19, 2005, or any leads derived therefrom, should be suppressed.

10.    The Office will recommend to the Department of Justice that the defendant be issued an S Visa Classification, it being understood that the Office has authority only to recommend and that the final decision whether to grant such relief rests

9

with the Department of Justice, which will make its decision in accordance with applicable law.

11.  This agreement does not bind any federal, state, local or foreign prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

12.  No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by all parties.  This agreement supersedes any prior promises, agreements or conditions between the parties.  To

10

become effective, this agreement must be signed by all

signatories listed below.

Dated:     Brooklyn, New York
           June 6 , 2005

                              ROSLYNN R. MAUSKOPF
                              United States Attorney
                              Eastern District of New York

                    By:      _Alyssa Qualls_
                             Alyssa A. Qualls
                             Assistant United States Attorney

                    Approved by:

                             _Amy Walsh_
                             Supervising/Assistant U.S. Attorney

I have read the entire agreement and discussed it with my
attorney. I understand all of its terms and am entering into it
knowingly and voluntarily.

_C. D. Hemmings_
CHRISTOPHER HEMMINGS
Defendant

Approved by:

_____  6-6-05
Frank Handelman, Esq.
Attorney for Defendant

5

family, and, over the course of that testimony, he implicated several other individuals with whom he was also close. Mr. Hemmings made clear during proffer sessions that this was a difficult thing for him to do. Mr. Hemmings was also asked to speak at length concerning his own past crimes, and despite having repeatedly expressed concern to the government over discussing such matters in open court, he provided a full and detailed account of a broad range of his criminal activities spanning a period of years. The government learned of much of this misconduct, moreover, only because Mr. Hemmings revealed it during proffer sessions in advance of his testimony.[5]

Mr. Hemmings was under unusual stress during his testimony for the added reason that he had legitimate concerns for his safety. Mr. Hemmings was and is acutely aware of extensive past violence by Mr. Levy, including Mr. Levy's involvement with another crew member, Tyrone Peters (a/k/a "Snowerman"), in the murder of a prospective witness in another case. That murder has been confirmed and Peters is serving a 99-year prison term following his conviction at trial on state murder charges. Mr. Hemmings has repeatedly emphasized to the government that he has family in Jamaica, including a child, and that Mr. Levy knows where those family members reside. Also, because of an unusual set of circumstances, Mr. Hemmings' cooperation in this matter was revealed to Mr. Levy months in advance of trial, and, as a result, Mr. Hemmings received various threats while in prison long in advance of testifying. Despite being under obvious stress as a result of these threats, Mr. Hemmings went forward with his decision to appear at trial for the government, and, as indicated, he did an outstanding job of testifying fully and truthfully.

THE COURT:  Is there anything else in the plea agreement that ought to be placed on the record at this time?

MS. QUALLS:  I don't think so.

MR. HANDELMAN:  I don't think so.  The one thing I would clarify or highlight is the government has warranted that they would recommend to the Justice Department that the defendant receive a visa, but they can't guarantee that's going to happen; they're going to try.  That's very important to Mr. Hemmings, so he asked me to highlight that to the Court.

THE COURT:  Okay.

MS. QUALLS:  Yes, your Honor.

THE COURT:  Is that in the agreement?

MS. QUALLS:  Yes.  It's at --

THE COURT:  Oh, yeah, paragraph 10, page 8.

MS. QUALLS:  Okay.

THE COURT:  Mr. Hemmings, is this your signature on the last page of the agreement?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you have any questions about the agreement or anything else having to do with your case?

Sentencing                    13

1   when his cooperation became public, and even before he

2   testified in Levy's trial, it somehow became known.  And I

3   think the history of the case is that counsel for Levy knew

4   that Hemmings was going to testify, just intuitively when he

5   took the plea or otherwise, but it was known.  Mr. Hemmings

6   had to then be transferred to MCC in Manhattan because of the

7   constant threats in MDC during the pendency of the pre-trial

8   proceedings.

9          He spent three months on nine south, which is the

10  detention lockup at the MCC, through no fault of his own, and

11  had great difficulties.  He constantly was calling me, asking

12  to get back to the MDC, because the MCC was so tough on him,

13  and he was worried that some of the people were talking about

14  him as a witness.  But the Government could not do that while

15  the trial was pending, so he had more than the usual pre-trial

16  detention hardship than it might have been for people who are

17  in local prisons.  I ask that to be considered as a very

18  serious factor.

19         Also, and I know the Government has written at great

20  length about Mr. Hemmings' testimony.  I won't repeat that,

21  but to point out that in his testimony, like many people who

22  testify at trial, perhaps more than most, he testified at

23  great risk to himself and his family.  Whether or not he knew

24  Levy would be acquitted or convicted is almost irrelevant,

25  Levy is now back in Jamaica.

Anthony D. Frisolone, CSRR, RMR, CRI

Sentencing                                      14

1         Mr. Hemmings, all through his cooperation meetings,

2    discussed with the Government his fears of returning to

3    Jamaica, and he basically said he would be killed if he went

4    back there because of his testimony in this case, and he still

5    did that knowing he faced those circumstances.  And that's

6    definitely a factor the Court is asked to consider 5K1.1, the

7    risk to his family in making such testimony.

8         As to his immigration status, the Government has

9    promised, and we know that they're working on this and it's in

10   his cooperation plea agreement, to apply for an S-Visa through

11   the immigration service for Mr. Hemmings, which somehow, I'm

12   not quite sure I understand how it works, but they have a way

13   to try to keep Mr. Hemmings and individuals like him in the

14   country.  His grave concern is being sent back to Jamaica.

15        I don't know how that's going to play out.  I know

16   Your Honor can't directly affect that.  We wish we could have

17   district judges order Immigration to do things.  I know from

18   years of experience it's a no-go.  But I think those are

19   factors to seriously consider.

20        I know we're asking an awful lot because

21   Mr. Hemmings has a guideline range starting at 177 months,

22   which is virtually 15 years, but I am asking in his behalf for

23   a sentence of time served with any kind of probation, home

24   detention, you want to afford him.  He has now spent

25   26 months, which is close to a three-year sentence with good

Sentencing                                    17

1  he did that in describing a lot of things that, frankly, he

2  had to have understood the Government never could have

3  otherwise learned of, violence in Jamaica being the most

4  obvious.

5       So this really is a defendant who fully embraced

6  what it means to be a cooperating witness and we can hope that

7  that maybe represents some indication that he's sincere in his

8  efforts to improve his life going forward.

9       I think it's telling that a number of the agents

10 that have been involved with Mr. Hemmings have come to court

11 today in a show of support.  I think, frankly, everyone who

12 dealt with him over the numerous proffer sessions that he

13 attended was impressed by his candor, was impressed by his

14 willingness to go forward despite some real stresses in

15 connection with, frankly, the violence of some of the people

16 that have been involved in this conspiracy and been involved

17 in his crimes over the years.

18       Given the transfer from Judge Garaufis to the Court,

19 I'm not sure if the Court is exactly aware how it is that

20 Mr. Hemmings' cooperation became disclosed prematurely.  There

21 had been a September '04 trial date with an order to the

22 Government to provide 3500 material about a week in advance,

23 and then within days prior to trial, once 3500 had been

24 disclosed, the matter was adjourned by Judge Garaufis and

25 reassigned, and the upshot of that was that Mr. Levy had

A-11

1   months, nearly a year notice of Mr. Hemmings' cooperation.

2   And as Mr. Handelman spelled out, that created some

3   difficulties for Mr. Hemmings in prison, and also really

4   increased his concerns with respect to his family in Jamaica

5   and here in the United States.

6            And despite all those stresses, he continued to work

7   with us in the same character, always honest, always

8   forthright, and ultimately, in our view, a very good witness

9   at trial despite the outcome, which we do not hold him

10  responsible for at all.

11           So, again, we've put it in a letter, but I did want

12  to put an exclamation mark on it effectively and just to make

13  clear for the Court that Mr. Hemmings really did live up to

14  his obligations and really was an outstanding cooperator for

15  the Government.

16           THE COURT:  I appreciate you doing that today; that

17  is clear from the letter.  The way that you went through his

18  cooperation and characterized it as extraordinary, but it is a

19  difficult sentencing because of the serious nature of the

20  crime and because of -- although I understand Mr. Hemmings'

21  other criminal acts are only known through his proffer to the

22  Government -- and it's obviously not relevant conduct for

23  purposes of the sentencing calculation, but certainly he has

24  been involved in significant criminal activity throughout his

25  life, in addition to this serious crime.  I need to take that

1  on the sentencing process.

2          I also impose the mandatory special assessment of

3  $200, consisting of $100 on each count.  And I will recommend

4  to the Bureau of Prisons that they designate you to a facility

5  in the New York City area to the extent that is possible.

6          That is the sentence of the Court.

7          The Government has moved to dismiss the open count,

8  and the Court dismisses the open count of the indictment.

9          Mr. Hemmings, to the extent that you have --

10  Mr. Hemmings, you have the right to appeal your conviction.

11  If you are unable to pay the costs of an appeal, you may apply

12  for a leave to informa pauperis.  If you are unable to afford

13  an attorney, one will be appointed to represent you on appeal

14  should you choose to appeal.  The notice to appeal must be

15  filed within ten days upon notice of conviction.

16          Do you understand that?

17          THE DEFENDANT:  Yes, Your Honor.

18          What I think -- I'm going back -- I think I -- this

19  is going to be a life threat.  I want to go somewhere where --

20  like, you know, in cooperating, the name out there so much, my

21  name is, like in this case, my name is, like out there so

22  much.  And most of the guys that want to get me, I think

23  they're designated too near.  And also for my safety, I'd

24  rather, you know, find somewhere like, you know, where to put

25  certain people, like go and witness and they doing time, like

1  secure them.

2          THE COURT:  Okay.

3          THE DEFENDANT:  Better place.  More than in -- you

4  know, because I have some designate to a prison nearby.  It's

5  like I don't think I'm going to live at all.  They're going to

6  keep me in a box.  Too much guys I see in Manhattan come back.

7  I've been back and forth because of cooperating, because of

8  the life threatening.  So if I go designate to somewhere in

9  New York, I got to live in the box.  There's no sunlight for

10 me.  It's like, you know, so I would rather, you know, the

11 Government look into somewhere in the cooperation for my

12 safety.  That means if you -- me doing my time you got to give

13 me somewhere where I got protection still not we're.

14         THE COURT:  I understand, Mr. Hemmings.  Let me say

15 two things.  One is, the Court doesn't have the ability to

16 place you anywhere special.

17         THE DEFENDANT:  For safety.

18         THE COURT:  For safety reasons.  The only thing that

19 I'm aware of that exists in that regard is the witness

20 protection program.  Individuals, obviously, that are

21 incarcerated, those types of arrangements can be made, but

22 that's something within the province of the Government and not

23 something the Court can order.  So to the extent that you have

24 any requests in connection with that, you need to make that to

25 the Government.

Sentencing                                    32

1        But to the extent that you are now reconsidering

2   your request that I recommend that you be designated to the

3   New York City area because of your concern that too many other

4   individuals who may want to hurt you -- let me finish -- who

5   may want to hurt you may be in these facilities in the New

6   York City area, I will just withdraw that recommendation.  If

7   you want, I will recommend that they not designate you in the

8   New York City area.  That's up to you.  I'm happy to do that.

9        THE DEFENDANT:  Yeah.  Better for me, for my life,

10  safety.

11       THE COURT:  I will recommend that the Bureau of

12  Prisons, because of concerns about your safety, not designate

13  you to a prison in the New York City area.  Is that

14  acceptable?

15       THE DEFENDANT:  Yes.

16       THE COURT:  So my sentence is amended to reflect

17  that revised recommendation and the judgment of conviction

18  will so indicate.

19       MR. HANDELMAN:  Can I raise one more point --

20       THE COURT:  Yes.

21       MR. HANDELMAN:  -- while you're talking about the

22  judgment, Your Honor?

23       I would also ask Your Honor recommend that

24  Mr. Hemmings be considered for the intensive drug and alcohol

25  treatment programs.  The record indicates it's very clear, at

AO 245B  (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: CHRISTOPHER HEMMINGS
CASE NUMBER: 04 CR 559 (JFB)

Judgment — Page __2__ of __10__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

One hundred twenty (120) months, consisting of sixty (60) months each on Counts 1 and 2 to run consecutive to each other.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant not be designated to a facility in the New York City Region.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**LAURIE S. HERSHEY**
Attorney at law
222 PARK AVENUE
MANHASSET, NEW YORK 11030
lshesq @ aol.com
(516) 424 - 9111


Unit Manager E. Fisher
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA 17887

Jan. 22, 2007


Dear Mr. Fisher,

I represent Christopher Hemmings, # 63179-053. He as written me an alarming letter stating that his life is in danger. More specifically, he told me that he suffered a broken jaw fighting for his life with an inmate called "Shotcaller." He stated that he called for staff but was assaulted by Shotcaller. Mr. Hemmings also told me that Shotcaller was put in a cell with him, although he complained that this man was out to kill him.

Please see to it that my client is placed in a safer setting and separated from this individual, as well as any other inmates that wish to harm him. His letter has caused me great concern.

I will be attempting to call you next on the next business day, but would certainly be happy to receive a call from you as soon as possible to discuss this matter. Thank you very much for your assistance.


Very truly yours,

Laurie S. Hershey

2

**LAURIE S. HERSHEY**
Attorney at law
222 PARK AVENUE
MANHASSET, NEW YORK 11030
lshesq @ aol.com
(516) 424 - 9111


Michael Ramano, Esq.
Assistant Regional Counsel
Federal Bureau of Prisons, Northeast Region
United States Customs House, 7th Floor
2nd and Chestnut Street
Phila, PA 19106

Feb. 15th, 2007
Re: Christopher Hemmings
# 63179-053


Dear Mr. Ramano,

I am again writing about my client Christopher Hemmings. In my last letter of
January 26th, 2007, I enclosed a letter I wrote to the Warden of U.S.P. Allenwood
informing him that my client was being threatened by an inmate named "Shotcaller" who
was placed in his cell. Mr. Hemmings now informs me that he has just returned from the
hospital after being treated for a broken jaw inflicted by Shotcaller. Once again,
however, another dangerous inmate has been placed in his cell who is threatening to kill
him. Mr. Hemmings also informs me that he believes that the Staff wants this inmate to
kill him. (see copy of letter herein).

Whether or not this is true about the Staff, it is obvious that Mr. Hemmings
believes it is true, and that his life in fact is in danger. I therefore again request that the
B.O.P. intervene and have Mr. Hemmings transferred out of U.S.P. Allenwood to a safe
facility. The Warden never responded to my last letter, so I believe the only way that
anything will change is if the BOP intervenes.

Please respond to this letter. Thank you very much.


Very truly yours,

Laurie S. Hershey

2

**LAURIE S. HERSHEY**
Attorney at law
222 PARK AVENUE
MANHASSET, NEW YORK 11030
lshesq @ aol.com
(516) 424 - 9111


Warden of the Facility
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA 17887

Feb. 16th, 2007


Dear Mr. Miner,

I represent Christopher Hemmings, # 63179-053. This is my second letter to you concerning Mr. Hemmings. I continue to receive alarming letters from him, the most recent of which informed me that he was hospitalized after sustaining a broken jaw inflicted by "Shotcaller" and that his new cellmate is equally dangerous and threatening to kill him. Mr. Hemmings also believes that the Staff wants this new cellmate to kill him.

I have notified the Bureau of Prisons about this situation. I request again that you promptly transfer Mr. Hemming to a safe facility. Please respond to this letter. Thank you.


Very truly yours,

*Laurie S Hershey*

Laurie S. Hershey


cc:  Bureau of Prisons

**LAURIE S. HERSHEY**
Attorney at law
222 PARK AVENUE
MANHASSET, NEW YORK 11030
lshesq @ aol.com
(516) 424 - 9111

*8- 3 -0 P*

Warden of the Facility, and
Unit Manager E. Fisher
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA 17887

Jan. 25, 2007

Dear Sirs,

I represent Christopher Hemmings, # 63179-053. I continue to receive alarming letters from him stating that he is being housed in the "SHU" but that his life is in constant danger. In the most recent letter, he told me that his jaw was broken by somebody named "Shotcaller" and that he is being housed near or with this person who wants to kill him.

At Mr. Hemming' sentencing Judge Joseph Bianca specifically requested that the Bureau of Prisons not place Mr. Hemming in the New York area. It appears that a facility in Pennsylvania is too close to New York to protect Ms. Hemming and that his life is in constant jeopardy.

Please arrange to immediately transfer Mr. Hemming to a safe facility, and please respond to this letter. Thank you.

Very truly yours,

*Laurie S Hershey*

Laurie S. Hershey

cc: Bureau of Prisons

A.U.S.A.  Adam Abensohn

*O2*
*c.C/CAPY/File:C.h. United STATES SUPREME COURT*

# INMATE REQUEST TO STAFF MEMBER

HEMMINGS, Christopher
Fed. Reg. No. 63179-053

Unit: <u>B/B</u>

Quarters:___<u>B05-106U</u>

This is in response to your Request to Staff Member dated April 16, 2008.  You request an explanation in regards to a detainer that has been placed on you.

Immigration and Customs Enforcement (ICE) requested that a detainer be placed on you when you were incarcerated at USP Canaan, PA, on April 13, 2007.  According to their records and your Pre-Sentence Investigation Report, you are a citizen of Jamaica..  ICE has initiated an investigation to determine whether you are subject to removal from the United States.  If you have additional questions in regards to this detainer, I suggest that you write to the local immigration office.

Immigration & Customs Enforcement
Attn: Mr. B. Simmons
32920 Walt Bassett
Pueblo, CO 81001

I trust this addresses your concerns.

_____          ___04-16-2008___
K. Worsham, Legal Instruments Examiner          Date
USP Florence, Colorado

*9*



Hennings
43179-053

You have been added to the dental waiting list.
Please read the policy as stated below in regards to you being housed in SHU.

You were placed in the Special Housing Unit in and are currently being housed there.

As per Program Statement: HSD/ DEN P6400.02 -  INMATES WITH SPECIAL DESIGNATIONS.
Inmates who are housed in segregation, special housing, or jail units for less than a 12 month period will
have access to dental triage and emergency care only.  Health services staff assigned to these areas will
notify dental services of emergency cases requiring evaluation.

L. Burns

3

SAA-1330.13
November 10, 2004
Attachment A

## ATTEMPT AT INFORMAL RESOLUTION
### (Request for Administrative Remedy)

*The Federal Bureau of Prisons Program Statement 1330.13, Administrative Remedy Program,
dated December 22,1995, requires that inmates attempt to informally present their complaint
to staff and allow staff to attempt to informally resolve any issue prior to the inmate filing a
Request for Administrative Remedy, BP.229( 13). If informal resolution is unable to be
accomplished, the inmate will be given a BP.229(13)form.*

**TO BE COMPLETED BY INMATE**

INMATE'S NAME: _HEmminGs_       REG. NO.: _63179.053_  UNIT: _SHU_

1. Complaint (be specific. if related to UDC appeal, specify relevant section of Inmate Discipline
Policy): the BOF unreasonable it us from the following Prison over a year I Am seeking dental care my dentures broken And 3-17-06 further w soon teeth paining Root And cap came out when my jaw broken 12-10-06 I cannot eat Properly Constitutional Problems Hemmings Requested Medical care for Jaw Cis of face And my skull, All I get in correspondence he Lis And Robery.

2. What resolution is requested/expected: Hemmings therefore Respectfully Request
B.O.P. Give Me Reason it Aived Dental Medical care Give specific Reason further Hemmings Request Review Medical/Dental care Meaningful Must Provide by constitutional.

**TO BE COMPLETED BY STAFF**

3. Summary of investigation: _SEE ATTACHED_

4. What actions were taken to resolve this matter informally: _SEE ATTACHED_

5. Explain reasons for no resolution: _SEE ATTACHED_

Date & Time Issued: _1/14/08   1700_   Correctional Counselor: _____
Date & Time Returned: _1/29/08   0830_  Correctional Counselor: _____
Date & Time Investigation Completed and BP229(13) issued: _1/31/08   0940 A_

Camp Administrator/Unit Manager Signature: _____

**Distribution:**  (1) *If complaint is informally resolved, forward the original, signed and dated by the inmate, to the Unit
Counselor for filing.*
(2) *If complaint is not informally resolved, forward the original (attached to BP-229(13) form) to the
Warden's Office.*

On _____, this issue was informally resolved.

_____
Inmate Signature              Date

3

**Response to Attempt at Informal Resolution**
**Hemmings, C. #63179-053**

This is in response to your request informal resolution, receipted 01/29/2008. You request various medial treatment. Upon review of your complaint, supporting documentation, and staff involved it was discovered; Health Services responded with the following:

*Hemmings was last seen by dental on Dec. 11, 2007. At that time he was noted to have some irritation near his wisdom tooth. The swelling comes and goes and does not require immediate attention. He was recommended for a cleaning, which he will received once he's been in SHU for over a year, per BOP policy. He is on the waiting list for dentures. Hemmings is scheduled for a skull x-ray on Friday, Feb. 1. Pending the results of the x-ray, further treatment options will be discussed with him at that time.*

A. Jordan, Correctional Counselor

01-31-2008

Provided to Inmate
2/8/8 @ 950 An

3

BP-A148.055
SEP 98

**INMATE REQUEST TO STAFF**

**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) *to DENTAL* | DATE: *10-6-07* |
|---|---|
| FROM: *Christopher D Hennings* | REGISTER NO.: *63179-053* |
| WORK ASSIGNMENT: *NONE* | UNIT: *S.H.U. 201* |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

*MY JAW WAS BROKEN AN 12-10-06. I ASK FOL teeth CLEANED I WAS INADEQUATE MADICAL CARE, I HAVE A BAD BRUT BECAUSE DENTAL TAKE MY teeth CAP OFF. And I WILL LIKE MY CAP REPLACE; FROM 2-1-07. I AM the LIST FROM ONE PRISON too A NEXT PRISON. "I AM DENIED MEDICAL CARE." C.C. COPY/FILE; C.h U.S. Dept. OF JUSTICE C.C.File U.S. Court OF APPOLLS*

(Do not write below this line)

DISPOSITION:

*Added to the waiting list.*
*Please read the attached policy in regards to having your teeth cleaned while in SHU*

| Signature Staff Member *Bruns RON* | Date *10/12/07* |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER    **SECTION 6**

*3*

BP-A148.055
SEP 98
**INMATE REQUEST TO STAFF**

**U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) *DENTAL* | DATE: *10-16-07* |
|---|---|
| FROM: *Christopher D. Hemmings* | REGISTER NO.: *63174-037* |
| WORK ASSIGNMENT: *NONE* | UNIT: *SHU CELL 206* |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

I will like to put my pat ma
my teeth it is pass 8 month sinch I
have this problem, from my broken
jaw. It his pain know. Please I
will like my pat go back on my
teeth. I cannot eat very good because
my dental was not replace.
                    thank you for your help

(Do not write below this line)

DISPOSITION:

You are on the list to
see the dentist.
Currently we do not have a dentist

| Signature Staff Member *Burns* | Date *10/17/07* |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER    **SECTION 6**

3

TO:

FROM: HEMMINGS CHRISTOPHER

WORK ASSIGNMENT: FOOD SERVICE

DATE: 3-24-08

REGISTER NO: 63559-053

UNIT: B.B

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

HEMMINGS Requesting BOP DENTAL CAre AND these Problems (1) Wisdom-tooth PAIN (2) Root-CANAL CAP (3) MY dental Broken WHEN I WAS Assulted.

PLEASE I AM SEEKING DENTAL From the B.O.P. For over A YEARS, AND I Get is the WAITING List for the B.O.P. CAN REASONABLE GIVE Hemmings DENTAL CAre. Hemmings Requesting this B.O.P. instructions GIVE ME A FULL DENTAL CAre AND these DENTAL PRoblems APPROPIATE.

(Do not write below this line)

DISPOSITION:

You have requested urgent dental treatment. Please watch the callout for your appointment

Whaley PA
3-24-08

Signature (Staff Member)                        Date

3

BP-S148.055   **INMATE REQUEST TO STAFF**   CDFRM

SEP 98

**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

| TO; (Name and title of staff member): Dental - Mrs. Hennigan | DATE: 2/1/07 |
|---|---|
| FROM: Christopher Hemmings | REGISTRATION #: 63179-053 |
| WORK ASSIGNMENT: F. Service | UNIT: S.H.U. B 212 |

SUBJECT:   (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I was scheduled in December to have my teeth cleaned I sustained a broken Jaw, keeping me from having my teeth clean. The Doctors who placed the wire on my Jaw somehow removed a cap from one of my teeth. I would like to have the the cap replaced and I would like to know have I been reschulded to have my teeth cleaned.

(Continue on back if necessary)

(Do not write below this line)

Disposition: You will only recieve emergency care while en SHU. I will place your name on the SHU list for your "cap".

| Signature of staff member: LCDR S. HENNIGAN, RDH USPHS USP ALLENWOOD | Date: 2 Feb 07 |
|---|---|

3

```
CAA3G  606.00  *              MALE CUSTODY CLASSIFICATION FORM          *          12-15-2007
PAGE 001 OF 001                                                                     07:38:59

                                  (A) IDENTIFYING DATA
REG NO...: 63179-053              FORM DATE: 11-30-2007                   ORG: CAA
NAME....: HEMMINGS, CHRISTOPHER
                                          MGTV: NONE
                                          MVED:
PUB SFTY: GRT SVRTY,ALIEN                 (B) BASE SCORING
DETAINER: (0) NONE               SEVERITY...: (7) GREATEST
                                 CRIM HIST SCORE: (00) 0 POINTS
MOS REL.: 68                     VIOLENCE....: (5) > 5 YRS MINOR
VOL SURR: (0) N/A                AGE CATEGORY...: (2) 36 THROUGH 54
EDUC LEV: (0) VERFD HS DEGREE/GED   DRUG/ALC ABUSE.: (1) <5 YEARS
                                    (C) CUSTODY SCORING
TIME SERVED..: (4) 26-75%        PROG PARTICIPAT: (0) POOR
LIVING SKILLS...: (0) POOR       TYPE DISCIP RPT: (1) < 1 HIGH
FREQ DISCIP RPT.: (1) 2-5        FAMILY/COMMUN..: (3) MINIMAL

                    --- LEVEL AND CUSTODY SUMMARY ---
BASE CUST VARIANCE  SEC TOTAL  SCORED LEV  MGMT SEC LEVEL  CUSTODY  CONSIDER
 +15   19    +3       +18       MEDIUM        N/A          MEDIUM    IN    INCREASE

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

H

```
  CAA2A   606.00 *        MALE CUSTODY CLASSIFICATION FORM        *      07-26-2007
PAGE 001 OF 001                                                          13:34:15
                                 (A) IDENTIFYING DATA
REG NO..: 63179-053                       FORM DATE: 03-14-2007          ORG: ALP
NAME....: HEMMINGS, CHRISTOPHER
                                               MGTV: NONE
PUB SFTY: GRT SVRTY,ALIEN     .                MVED:
                                 (B) BASE SCORING
DETAINER: (0) NONE                        SEVERITY.......: (7) GREATEST
MOS REL.: 72                              CRIM HIST SCORE: (00) 0 POINTS
ESCAPES.: (0) NONE                        VIOLENCE.......: (5) < 5 YRS MINOR
VOL SURR: (0) N/A                         AGE CATEGORY...: (4) 25 THROUGH 35
EDUC LEV: (0) VERFD HS DEGREE/GED         DRUG/ALC ABUSE.: (1) <5 YEARS
                                 (C) CUSTODY SCORING
TIME SERVED.....: (3) 0-25%               PROG PARTICIPAT: (0) POOR
LIVING SKILLS...: (0) POOR                TYPE DISCIP RPT: (1) > 1 HIGH
FREQ DISCIP RPT.: (2) 1                   FAMILY/COMMUN..: (3) MINIMAL

                        --- LEVEL AND CUSTODY SUMMARY ---
BASE CUST VARIANCE   SEC TOTAL   SCORED LEV MGMT SEC LEVEL   CUSTODY   CONSIDER
+17   +9      +4        +21        MEDIUM        N/A            IN       INCREASE

G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
ALPDE                    PROGRAM REVIEW REPORT              *        03-15-2007
PAGE 001                                                            07:44:34
```

INSTITUTION: ALP  ALLENWOOD ...

NAME.......: HEMMINGS, CHRISTOPHER DAVID        REG. NO: 63179-053
RESIDENCE..: BROOKLYN, NY 11236

TYPE OF REVIEW......: ███████████ / PROGRAM REVIEW
NEXT REVIEW DATE....: *September 2007*

PROJ. RELEASE DATE..: 04-10-2013        RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE              HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: *March 2008*        DETAINERS (Y/N): N

CIM STATUS (Y/N)....: Y        IF YES, RECONCILED (Y/N): *Yes*

PENDING CHARGES.....: *None known.*

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....: *Yes*
   IF YES - CIRCLE ONE - DRUG TRAFFICKING / CURRENT VIOLENCE / PAST VIOLENCE

| CATEGORY | - - - - - - | CURRENT ASSIGNMENT - - - - - - - | EFF DATE | TIME |
|----------|-------------|----------------------------------|----------|------|
| CMA | CFSR | CERT FOOD SINCERITY REMOVAL | 11-16-2006 | 1909 |
| CMA | IHP PART | INS INST HRNG PGM PARTICIPANT | 09-28-2006 | 1011 |
| CMA | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 08-30-2009 | 1014 |
| CMA | RPP NEEDS | RELEASE PREP PGM NEEDS | 09-28-2006 | 1014 |
| CMA | V94 CVA913 | V94 CURR VIOL ON/AFTER 91394 | 09-28-2006 | 1016 |
| CMA | V94 PV | V94 PAST VIOLENCE | 09-28-2006 | 1016 |
| CUS | IN | IN CUSTODY | 05-20-2004 | 2300 |
| DRG | DRG I RQ C | DRG INTRV REQD: CONTRB TO OFF | 09-28-2006 | 1014 |
| DRG | ED WAIT R | DRUG EDUCATION WAIT-REQUIRED | 10-19-2006 | 1305 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 09-08-2006 | 1427 |
| EDI | GED XN | EXEMPT GED NON-PROMOTABLE | 09-08-2006 | 1428 |
| FRP | PART | FINANC RESP-PARTICIPATES | 09-28-2006 | 1014 |
| LEV | MEDIUM | SECURITY CLASSIFICATION MEDIUM | 03-14-2007 | 0932 |
| MDS | REG DUTY W | REGULAR DUTY W/MED RESTRICTION | 08-01-2006 | 1325 |
| MDS | YES F/S | CLEARED FOR FOOD SERVICE | 08-01-2006 | 1325 |
| QTR | Z03-223UAD | HOUSE Z/RANGE 03/BED 223U AD | 03-04-2007 | 1013 |
| RLG | MUSLIM | MUSLIM | 09-15-2005 | 1101 |
| WRK | UNASSG SHU | UNASSIGNED SHU | 02-01-2007 | 1416 |

WORK PERFORMANCE RATING: *Was doing a "satisfactory" job at work.*

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: *12/18/06 - Refusing Work/PGM Assignment (306).*

FINANCIAL RESPONSIBILITY PROGRAM (FRP) PLAN/PROGRESS: *Participates.  Currently paying $25/qtr. towards $200 assessment (balance: $150).  Paid $50 towards financial obligation and received $623 in past six months.  Payments remain the same.  Currently has $39 in account.*

RELEASE PREPARATION PARTICIPATION (RPP): *Needs.  Will review when w/in 30 months of release.*

CCC RECOMMENDATION: *Will review when w/in 11-13 months of release.*

PROGRESS MADE SINCE LAST REVIEW: *Making scheduled FRP payments.  Currently on waiting list for Drug Education.*

GOALS FOR NEXT PROGRAM REVIEW MEETING: *Participate in GED program until complete.  Participate in Drug Education when eligible.  Receive "good" work evaluations.  Participate in recreation. Seek counseling as needed.  Maintain clear conduct and good hygiene/cell sanitation.  Save funds for release purposes.*

LONG TERM GOALS: *Complete GED and Drug Education as soon as possible.  Enroll in a VT program and complete prior to release.  Continually participate in ACE courses and counseling groups. Maintain or re-establish family/community ties.  Maintain or improve health and fitness. Maintain clear conduct and good hygiene/cell sanitation.  Save funds for release purposes.*

OTHER INMATE REQUESTS/TEAM ACTIONS: *Judicially Recommended Programs: N/A*

*407/408 current:* _____ *Yes* _____ *No*        *Subject to DNA Testing:* _____ *Yes* _____ *No*

SIGNATURES:

UNIT MANAGER: _____        INMATE: X _____

        DATE: _____03/14/2007_____        DATE: _____03/14/2007_____

4   *CC/CAPY/File: C.h. United States Supreme Court*

```
   FLPE6  606.00 *        MALE CUSTODY CLASSIFICATION FORM     *    03-19-2008
PAGE 001 OF 001                                                    15:16:18
                          (A)  IDENTIFYING DATA
REG NO..: 63179-053             FORM DATE: 12-27-2007              ORG: DSC
NAME....: HEMMINGS, CHRISTOPHER
                                   MGTV: GRTR SECU
PUB SFTY: GRT SVRTY,ALIEN          MVED: 12-27-2008
                          (B)  BASE SCORING
DETAINER: (0) NONE              SEVERITY.......: (7) GREATEST
MOS REL.: 67                    CRIM HIST SCORE: (00) 0 POINTS
ESCAPES.: (0) NONE              VIOLENCE.......: (5) < 5 YRS MINOR
VOL SURR: (0) N/A               AGE CATEGORY...: (2) 36 THROUGH 54
EDUC LEV: (0) VERFD HS DEGREE/GED DRUG/ALC ABUSE.: (1) <5 YEARS
                          (C)  CUSTODY SCORING
TIME SERVED.....: (4) 26-75%    PROG PARTICIPAT: (0) POOR
LIVING SKILLS...: (0) POOR      TYPE DISCIP RPT: (1) > 1 HIGH
FREQ DISCIP RPT.: (1) 2-5       FAMILY/COMMUN..: (3) MINIMAL

                     --- LEVEL AND CUSTODY SUMMARY ---
BASE CUST VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL  CUSTODY  CONSIDER
+15  +9     +3        +18       MEDIUM      HIGH            IN      INCREASE


G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

5

```
ALPB6  600.00 *                SECURITY/DESIGNATION           *      09-19-2006
PAGE 001 OF 001 *                     DATA                    *      13:33:59
      REGNO: 63179-053    NAME: HEMMINGS, CHRISTOPHER DAVID              ORG: CNK
RC/SEX/AGE: B/M/34    FORM D/T: 08-17-2006/0854   RES: BROOKLYN, NY 11236
OFFN/CHG..: ASSAULT W/A DANGEROUS WEAPON IN AID OF RACKETEERING;DISCHARGE
            OF A F/A DURING CRIME OF VIOLENCE 04CR559(JFB) 120MO + 3YRS SR
CUSTODY...: IN         BIL:               CR HX PT: 0     CAR: SCRN2
CITIZENSHP: JAMAICA                       PUB SAFETY: GRT SVRTY
CIM CONSID: SEPARATION
JUDGE.....: BIANCO      REC FACL: NYC REGION              USM: EDNY
DETAINER..: NONE        SEVERITY: GREATEST >    REC PROG:
PRIOR.....: SERIOUS     ESCAPES.: NONE          MOS REL.: 077
PRECOMMT..: N/A         V/S DATE:               VIOLENCE: < 5 YRS MINOR
OMDT REF..: NO          SEC TOTL: 15            V/S LOC.:
CCM RMKS..: CONSPIRED TO MURDER COMPETITOR; 3 PRIOR ROBBERY CONVICTIONS
            (DATES UNKNOWN)  H/X ASTHMA; H/X ALCOHOL ABUSE; TRD:
            02-03-13   SMW

DESIG: ALLENWOOD USP           DSC RLS 08-18-2006 RSN: LEVEL  MSL:
MGTV/MVED.:
DESIG RMKS: JUD REC FOLLOWED.

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

*If you have a question about your points, see me at mainline.*

*M Tenn, CMC*

Home    PACER    Opinions                                        Help

# General Docket
## US Court of Appeals for the Second Circuit

Second    Circuit Court of
Appeals

                                                    INDIV

                                                    OPEN

Court of Appeals Docket #:        06-3868-cr
Nsuit :

USA v. Levy(Hemmings)                    Filed    8/17/06

Appeal    EDNY (BROOKLYN)
from:

Case type information:

     Criminal

     Appeal of Conviction

     None

Lower court information:

     District:      04-cr-559

     Trial Judge:   Joseph Frank Bianco

     MagJudge:

     Date Filed:      06/09/04

     Date order/judgement:    7/20/2006 ☆

     Date NOA filed:  8/8/2006 ☆

Fee status: IFP

Panel Assignment:

Panel:

Date of decision:

Prior cases:  NONE

Current cases NONE

Official Caption 1/
☐
                                    INDIV

                                    OPEN



BP-S308.052   **ADMINISTRATIVE DETENTION ORDER**   CDFRM
MAY 94

**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

USP ALLENWOOD
Institution

Date/Time: December 10, 2006 11:00pm

TO:   Special Housing Unit Officer

FROM:   J. Davenport, Lieutenant (Name/Title)

SUBJECT:   Placement of Hemmings, Christopher(1B)   reg. 63179-053   in Administrative Detention

_____ (a) Is pending a hearing for a violation of Bureau regulations;
_____ (b) Is pending investigation of a violation of Bureau regulations;
___XXXX___ (C) **Is pending investigation or trial for a criminal act;**
_____ (d) Is to be admitted to Administrative Detention

_____(1) Since the inmate has requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.

Inmate Signature/Register No.: _____

Staff Witness Printed Name Signature: _____

___X___(2)   Since a serious threat exists to individual's safety as perceived by staff,
although person has not requested admission; referral of the necessary information
will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e) Is pending transfer or is in holdover status during transfer.
_____ (f) Is pending classification; or **intake social screening following writ/IAD**
_____ (g) Is terminating confinement in Disciplinary Segregation and has been ordered into
Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued
presence in the general population poses a serious threat to life, property, self, staff, other
inmates, or to the security or orderly running of the institution because:

the inmate claims he was assaulted by other inmates due to his cooperation with law
enforcement agencies. This activity shows an ongoing threat to the inmates safety and is
hereby placed in special housing pending an investigation.

Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The
inmate received a copy of this Order on (date/time) December 10, 2006 11:00pm
Staff Witness Signature/Printed Name R. Woody, S.O.S. _____ Date December 10, 2006

*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will
make an independent review and decision, which is documented here.

Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status); Copy -
Captain; Copy - Unit Manager; Copy - Operation Supervisor - Administrative Detention Unit; Copy -
Central File

(This form may be replicated via WP)                          Replaces BP-308(52) of JAN 88

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**INMATE INJURY ASSESSMENT AND FOLLOWUP**
*(Medical)*

| 1. Institution MCC-NY | 2. Name of Injured Hemmings, Christopher | 3. Register Number 63179-053 |
|---|---|---|

| 4. Injured's Duty Assignment None | 5. Housing Assignment 9N | 6. Date and Time of Injury 03/17/06 1900 |
|---|---|---|

| 7. Where Did Injury Happen *(Be specific as to location)* 9 North Kitchen | Work Related? ☐ Yes ☒ No | 8. Date and Time Reported for Treatment 03/17/06 1910 |
|---|---|---|

**9. Subjective:** *(Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)*

The other guy assaulted me with something while I was using the microwave.

x C. D. Hem
*Signature of Patient*

**10. Objective:** *(Observations or Findings from Examination)*     X-Rays Taken ☐     Not Indicated ☒

X-Ray Results

34 y/o B-♂ with ½ cm laceration of Rt thumb, minimal bleeding. Pt alleged he has a human bite of Rt thumb. ½ cm superficial laceration of lower lip.

**11. Assessment:** *(Analysis of Facts Based on Subjective and Objective Data)*

laceration of Rt thumb and lower lip, Human bite of Rt thumb. Skin intact

**12. Plan:** *(Diagnostic Procedures with Results, Treatment and Recommended Follow-up)*

- Cleansing the affected area, then apply steri-strip, before placing sterilized gauze & bandaid.
- I.M. injection of 0.7 ml anti tetanus Toroid.

**13. This Injury Required**

follow up next day for reassess prophylactic antibiotics

☐ a. No Medical Attention

☒ b. Minor First Aid

☐ c. Hospitalization

☐ d. Other *(explain)*

_____

_____

☐ e. Medically Unassigned

☐ f. Civilian First Aid Only

☐ g. Civilian Referred to Community Hospital

ALI ABOULFATEH
MID LEVEL PRACTITIONER
MCC NEW YORK

Signature of

Mark Glover, MD
Staff Physician
MCC, New York

Original – Medical Record       *If Carboned Form; If ballpoint pen is used, PRESS HARD*
Canary – Safety
Pink – Work Supervisor *(Work related only)*
Goldenrod – Correctional Supervisor

BP-362(60)

CC/ANYHM C.N. UNITED STATES SUPREME COURT

NSN 7540-00-634-4176

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|

800-108

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT TREATING ORGANIZATION *(Sign each entry)* |
|---|---|
| 12/11/06 01:00 | I/m was assaulted 7 hours Prior. I/m Complained of severe Jaw Pain ⊕ Swelling noted. I/m only able to open his mouth Slightly. I/m denies Nausea/vomiting, dizziness or headache. I explained to J/m that No X-Ray Personnel were Present + he should Sign up for sick call 1ˢᵗ thing iN A.M. I/m was Given ② 500 mg tabs tylenol for Pain. I/m also Given 2 additional tabs for Pain in 4-6 hours. I/m told to apply Cold Compresses as tolerated throughout the Night. Initial Injury assessment is enclosed in Section 5. *Michael Lesher* |

**Michael Lesher, Paramedic**
**USP Allenwood**

| 12/11/06 1230 | PA Note: Pt has a broken jaw ℞ Srdo from of Jaw - will be seen by outside surgeon tomorrow.
① Tylenol #3 Take 7 tabs po tid x 3days
② Augmentin 875 1 tab po bid x10days.
③ Ensure issue 2 boxes for each meal tid x 2wks.
*Bennel PAC*
*Meehan PAC* |

LCDR C. White, R.Ph.
USP Allenwood

PATIENT'S IDENTIFICATION *(Use this space for Mechanical imprint)*

USP ALLENWOOD
P.O. BOX 3500.
WHITE DEER, PA  17887

| RECORDS MAINTAINED AT: | USP ALLENWOOD | | |
|---|---|---|---|
| PATIENT'S NAME *(Last, First, Middle initial)* Hemmings, Christopher | | | SEX M |
| RELATIONSHIP TO SPONSOR | | STATUS | RANK/GRADE |
| SPONSOR'S NAME | | | ORGANIZATION |
| DEPART./SERVICE | SSN/IDENTIFICATION NO. 63179-053 | | DATE OF BIRTH 11/24/71 |

CHRONOLOGICAL RECORD OF MEDICAL CARE

STANDARD FORM 600 (REV. 5-84)
Prescribed by GSA and ICMR
FIRMR (41 CFR) 201-45.505

NSN 7540-00-634-4176                                                                                    600-108

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT TREATING ORGANIZATION *(Sign each entry)* |

DATE: 12|13|06                    OUTSIDE HOSPITAL TRIP RETURN

TIME: 1230

SUBJECTIVE: (List any inmate complaints)

No complaints

OBJECTIVE: (perform physical examination relevant to study/surgery performed)

PAIN:    1    2    ③    4    5

　　　　　None    Mild    Moderate    Severe    Unbearable

maxilla - mand. fixation

ASSESSMENT: (List medical/surgical procedure performed)

S/p jaw pt c fixation

PLAN: (List all outside physician orders/follow-ups required

↑ con ensure 2cans 3xday
wire cutters avail at all times
liquid diet
light duty    * be aware pt is asthmatic *

PATIENT EDUCATION: on above            lunch/inch P.A.

Dr. C. Vermeire
Medical Officer

USP Allenwood ▶ USP ALLENWOOD, WHITE DEER, PA

PATIENT'S IDENTIFICATION (Use this space for Mechanical impnnt)

USP Allenwood
P.O. Box 3500
White Deer, PA 17887

| PATIENT'S NAME (Last, First, Middle Initial) Memmingo | | SEX Male |
|---|---|---|
| RELATIONSHIP TO SPONSOR | STATUS | RANK/GRADE |
| SPONSOR'S NAME | 63179-053 | ORGANIZATION |
| DEPART./SERVICE | SSN/IDENTIFICATION NO. | DATE OF BIRTH |

CHRONOLOGICAL RECORD OF MEDICAL CARE          STANDARD FORM 600 (REV. 5-84)
Prescribed by GSA and ICMR
FIRMR (41 CFR) 201-45.505

C. Cícàsh/ in C.h. United States Supreme Court

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
|------|---------------------------------------------------------------------------|
| 12/16/06 11:20 Am | |

12/16/06 11:20 AM
**DATE / TIME**

**VERBAL / TELEPHONE ORDER WAS RECEIVED FROM**

Dr. Vermeire _____ **FOR**

(2) Liquid Tylenol 3 cups, TID X 7 Days.

**THIS ORDER WAS "READ-BACK" FOR VERIFICATION**

Michael Lesher, Paramedic
USP Allenwood

Michael Lesher, Paramedic     *Michael Lesher*
USP Allenwood          **NAME**

C. Vermeire DO

BU0677208 (1)

EORT C. White, R.Ph.
USP Allenwood

STANDARD FORM 600 (REV. 6-97) BACK

SF_600 (Face)
NSN 7540-00-634-4176                                                                          600-108

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |

12/29/06

0800  S:

STU

**PULMONARY CLINIC** (INFECTIOUS/CARDIAC/ DIABETIC/ ENDO LIPID/ GASTRO/ GEN/ HTN/ NEURO./ ORTHO )

S: <u>Subjective Findings</u>:

a.Medical complaints or concerns of patient:

Pt c wired jaw d/t assault. No asthma attack. Uses inhaler one daily. Wants cell c only one other. Cell mate

b.Health Promotion/Disease Prevention Assessment:

1. Cessation of Smoking: Ø

2. Diet: liquids & ensure

3. Activity: none since not eating

4. Medications**: Albuterol MDI

** Side Effects: Ø          ** Interactions: Ø

5. Patient Compliance With Therapeutic Regimen: Ø

c.Impact of Condition on Activities of Daily Living: Ø

d.Need for Special Accommodations:

e.Diagnostic Studies:          Result                    Date of Exam

| Chemistry Panel | (WNL) | Abnormal | None since 2005 |
| CBC | (WNL) | Abnormal | |
| Spirometry/PEF | Unable to do since jaw wired WNL | Abnormal | |
| Chest x-ray (YEARLY) | WNL | Abnormal | |

O: <u>Objective Findings</u>:

a. General:   Temp: Afeb Pulse: 68 Bloob Pressure: 144/82   Weight: 195

b. Pt's General Appearance: A&O×3 NAD Amb

c. Chest examination: equal

d. Lungs: CTA Cl bilat g rales wheezes rhonchi

| RECORD'S MAINTAINED AT: | USP ALLENWOOD    P.O. BOX 3500 ALLENWOOD, PA | | |
|---|---|---|---|
| PATIENT'S NAME (last, first, middle initial) Hemmings Christopher | | SEX | |
| RELATIONSHIP TO SPONSOR | STATUS | RANK/GRADE | |
| SPONSOR'S NAME | | ORGANIZATION | |
| DEPT./SERVICE | BSN/IDENTIFICATION NO. 63179-053 | | DATE OF BIRTH |

C.C / COPY / FILE; C.H. United STATES SUPREME COURT

NSN 7540-00-634-4176                                                                                    600-108

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT TREATING ORGANIZATION *(Sign each entry)* |

DATE: 1-2-07                    OUTSIDE HOSPITAL TRIP RETURN

TIME: 14:00

SUBJECTIVE: (List any inmate complaints)  No Complaints

Dr. Burzynski follow up appt.

OBJECTIVE: (perform physical examination relevant to study/surgery performed)

PAIN:    (1)    2    3    4    5

None    Mild    Moderate    Severe    Unbearable

ASSESSMENT: (List medical/surgical procedure performed)

Follow up appointment for Broken Jaw

PLAN: (List all outside physician orders/follow-ups required

Continue Fixation

Follow up 3 Weeks

PATIENT EDUCATION: Continue liquid Meals

Dr. C. Vermeire
Medical Officer                                                        1-3/07

| PATIENT'S IDENTIFICATION *(Use this space for Mechanical imprint)*  USP Allenwood | RECORDS MAINTAINED AT: ▶ USP ALLENWOOD, WHITE DEER, PA | |
|---|---|---|
| | PATIENT'S NAME *(Last, First, Middle initial)*  Hemmings | SEX |
| USP Allenwood  P.O. Box 3500  White Deer, PA 17887 | RELATIONSHIP TO SPONSOR | STATUS | RANK/GRADE |
| | SPONSOR'S NAME | ORGANIZATION |
| | DEPART./SERVICE | SSN/IDENTIFICATION NO.  63139-053 | DATE OF BIRTH  11/24/71 |

CHRONOLOGICAL RECORD OF MEDICAL CARE    STANDARD FORM 600 (REV. 5-84)
Prescribed by GSA and ICMR
FIRMR (41 CFR) 201-45 505

CC/CAP/Physician United States Supreme Court

NSN 7540-00-634

**HEAL**

DA

DATE:

TIME:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

PATIENT'S IDEN
*imprint)*

## Medication Administration Record

Month/Year:

| Time | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Facility:

P. ALLENWOOD PHARMACY    (570) 547-0963
BOX 3500 - WHITE DEER, PA 17887
454          K. PIGOS          12/11/06
HEMMINGS, CHRISTOPHER DAV     63179-053
... - A04-231U
INY A2 CONTAINERS THREE TIMES
ILY AT 0600, 1130, AND 1715 FILL LINES
R 6 WEEKS (BROKEN JAW)

TRI SUP (RESOURCE) 240 ML    RA          I103680
Refills          12/11/2006    CW    RX Exp:02/28/2007
CAUTION: Federal/State law prohibits transfer of this drug
to any person other than patient for whom prescribed.

| Order Date | | | |
| Exp. Date | | | |
| RX # | | | |
| Order Date | | | |
| Exp. Date | | | |
| RX # | | | |
| Order Date | | | |
| Exp. Date | | | |
| RX # | | | |
| Order Date | | | |
| Exp. Date | | | |
| RX # | | | |
| Order Date | | | |
| Exp. Date | | | |
| RX # | | | |

R - Refused    DC - Discontinued Order    S - Self Administered    -- Other

Hold    WT:    -T:    Diagnosis:    Allergies:    Registration #:

HEMMINGS, CHRISTOPHER DAVID
63179-053
UNIT: ALLENWOOD - A04-231U
12/11/2006

MORNING    NOON    EVENING

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |
|------|------------------------------------------------------------------------|
|      | e. **Cardiac examination:** RRR _(illegible)_ |
|      | f. **Extremities:** equal |
| A:   | **Assessment:** |
|      | a. **Diagnosis:** Asthma |
|      | b. **Disease Progression/Complications:** |
|      | c. **Attainment of Prior Therapeutic Goals:** |
|      | d. **Therapeutic Efficacy** (Judge by patient's ability to engage in normal activities and attainment of acceptable clinical and laboratory results): |
| P:   | **Plan:** |
|      | a. **Patient Education:** (Check Topics Discussed) |
|      | (X)Nature of lung disease; ()Complications, progression, and prognosis |
|      | (X)Treatment alternatives; (X)Medication instruction/side effects; ()Diet; |
|      | ()Avoidance of Tobacco; (X)Exercise; ()Weight Loss |
|      | () Offer Influenza Shot Yearly () Other |
|      | Patient was educated in and expressed understanding of the treatment plan |
|      | b. **Next Diagnostic Studies and Consults Due:** |
|      | c. **Return to Clinic:** 3mo |
|      | d. **Medications:** |
|      | Albuterol Inh MDI 1-2 puffs qid prn #1 (RFx3)  Triamcinolone MDI 4 puffs bid #1 (RFx3) |
|      | broken jaw not indication for 1-2 _(signature)_ PAC  Man cells must discuss issue    Mecham etc  TSW |
|      | Dr. C. Vermeire  Medical Officer  USP Allenwood      _(signature)_ |

LCDR C. White, R.Ph.
USP Allenwood

STANDARD FORM 600 BACK (Rev. 5-84)

U.S. DEPARTMENT OF JUSTICE             FEDERAL BUREAU OF PRISONS

---

1. Name Of Institution: **USP ALLENWOOD**

### Part I - Incident Report

| 2. Name Of Inmate HEMMINGS, CHRISTOPHER | 3. Register Number 63179-053 | 4. Date Of Incident 12-15-06 | 5. Time 6:30 PM |
|---|---|---|---|
| 6. Place Of Incident SHU AD CELL 207 | 7. Assignment UNNASG. SHU | 8. Unit I-B | |

9. Incident                                       *CODE:*

    Refusing to work, or accept a program assignment.       306
    Refusing to obey an order of any staff member.         307

---

11. Description Of Incident (Date:**12/15/06** Time:**6:30PM**) Staff become aware of incident) On 12/15/06 at approximately 6:30 PM I approached Special Housing Unit AD cell 207 occupied by inmates Hemmings #63179-053 and Harris #02222-089. I told both inmates to cuff-up because they were getting a cellie. Inmate Hemmings stated that he was not taking another cellie. I again ordered both inmates to cuff-up and again I/M Hemmings stated "no, I aint taking another cellie".

| 12. Signature Of Reporting Employee | Date And Time 12/15/06 7:10PM | 13. Name And Title (Printed) SOS D. Stroble |
|---|---|---|
| 14. Incident Report Delivered To Above Inmate By | 15. Date Incident Report Delivered 12/15/06 | 16. time Incident Report Delivered 10:15 pm |

### Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident

18. A. It Is The Finding Of The Committee That You:
\_\_\_\_\_ Committed The Following Prohibited Act.

\_\_\_\_\_ Did Not Commit A Prohibited Act.

B. \_\_\_\_\_ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.
C. \_\_\_\_\_ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days.

19. Committee Decision Is Based On The Following Information

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

21. Date And Time Of Action _____ (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

_____ Chairman
(Typed Name/signature)    Member (Typed Name)    Member (Typed Name)

*10*

*c.c./copy filed in United States Supreme Court*

U.S. DEPARTMENT OF JUSTICE                      FEDERAL BUREAU OF PRISONS

---

**1. Name Of Institution: USP ALLENWOOD**

### Part I - Incident Report

| 2. Name Of Inmate<br>HEMMINGS, CHRISTOPHER | 3. Register Number<br>63179-053 | 4. Date Of Incident<br>12-15-06 | 5. Time<br>6:30 PM |
|---|---|---|---|
| 6. Place Of Incident<br>SHU AD CELL 207 | 7. Assignment<br>UNNASG. SHU | 8. Unit<br>I-B | |

**9. Incident**                          *CODE:*

Refusing to work, or accept a program assignment.     306
Refusing to obey an order of any staff member.       307

---

**11. Description Of Incident** (Date:12/15/06 Time:6:30PM)(Staff become aware of incident)
On 12/15/06 at approximately 6:30 PM I approached Special Housing Unit AD cell 207 occupied by inmates Hemmings #63179-053 and Harris #02222-089. I told both inmates to cuff-up because they were getting a cellie. Inmate Hemmings stated that he was not taking another cellie. I again ordered both inmates to cuff-up and again I/M Hemmings stated "no, I aint taking another cellie".

| 12. Signature Of Reporting Employee | Date And Time<br>12/15/06<br>7:10PM | 13. Name And Title (Printed)<br><br>SOS   D. Stroble |
|---|---|---|
| 14. Incident Report Delivered To Above Inmate By | 15. Date Incident<br>Report Delivered<br>12/15/06 | 16.time Incident<br>Report Delivered<br>10:15 pm |

### Part II - Committee Action

**17. Comments Of Inmate To Committee Regarding Above Incident**
Inmate Hemmings: Christopher 63179-053 was advised of his rights before the UDC and he stated understood them. He offered this statement, I was told I would be celled with one person due to having a broken jaw. The number 1 told me this.

| 18. A. It Is The Finding Of The Committee That You:<br>XXX   Committed The Following Prohibited Act.<br><br>_____ Did Not Commit A Prohibited Act.   306<br>                                 307 | B. _____ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.<br>C. XXX _____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days. |
|---|---|

**19. Committee Decision Is Based On The Following Information**
Based on the body of the incident report, checking with SHU staff and medical staff that he could have more than one cellmate the inmate was properly charged, and the inmate's own admission.

**20. Committee action and/or recommendation if referred to DHO** (Contingent upon DHO finding inmate committed prohibited act)
The UDC is sanctioning inmate to 30 days LP telephone from December 19, 2006 through February 2007.   E.FF JANUARY

---

**21. Date And Time Of Action**    12-18-2006/1120    (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

E. Fisher/ *E. Fisher*       J. Grill                            _____ Chairman
(Typed Name/signature)   Member (Typed Name)    Member (Typed Name)

---

Record Copy - Central File Record;   Copy - DHO;   Copy - Inmate After UDC Action;   Copy - Inmate Within 24 Hours Of Part I Preparation
(This Form May Be Replicated Via WP)         Replaces BP-288(52) Of Jan 88

c.c/CLARK/FBOP/ch. UNITED STATES SUPREM COURT

**SICK CALL SIGN-UP SHEET**
**FCC ALLENWOOD HEALTH SERVICE UNIT**
(Formulario y Registo para Atencion Medica de Confinados)

**INSTRUCTIONS**
*You must fill out this form completely, numbers 1-4*
*(Debe de llanar este formulario completamente, numeros 1-4)*

DATE: _1-16-07_

You must hand deliver this form during sick call sign up

| | |
|---|---|
| 1. | Name: _CHRISTOPHER D. HEMMINGS_ <br> (Nombre) |
| 2. | Reg. Number: _63179-053_ <br> (Numero de Registro) |
| 3. | Housing Unit: _SHU CELL 209_ <br> (Unidad) <br> Work Detail: _F & S_ <br> (Trabajo Especifico) |
| 4. | Complaint, what is your problem? (Queja, cual es su problema) |

_I HAVE CUT I WANT TO SEE the P.A._

**TO BE COMPLETED BY**
**HEALTH CARE STAFF ONLY**

DATE: _1-18-07_

OBJECTIVE: (If applicable)

Pulse _____ B/P _____ Temp _____

Other findings _____

DISPOSITION:

_____ Sick Call Appointment Provided _____ Date/Time

__P__ Sick Call Appointment Will Be Scheduled
By Your PCP (Watch the call out)

_____ Idle Given for One Day Only

Clinician Signature: _____

White Copy: File
Yellow Copy: Inmate        _11_

1/19/07   Sick call
1345   S. pt C/o abrasions on knees from prenas
Situ        fyht  Øpain

O   Aroto  NTP  Amb

   Knees-bilat  Øabrasions  Øbleedig
         healing  scabs

A. Ø Abrasions
P. Ø Keep Clean c Soap + H₂O

                    J Bedld PAC
                    Meehan PAc

12
c.c./cAfy/F.lc.i.n. United States Supreme Court

Warden Of the facility. And
"L.T." L. Johnson.
U.S.P. Atterwood.
P.O. Box 3000
White Deer, PA 17887

Date Feb. 18/07

Dear Sirs;

L.T. Johnson, When You Attempted
to Engage Within A Conversation With Myself,
While I Was in the hospital; I Was then finding it
Difficult hold A Verbal Decussion With You,
Due to My Physical Circumstances Of A broken Jaw
At that Present.

However, it Was Agreed Between Us,
that it Was indeed Appropate And Rational, Due to My
Physical Predicament At that Present; For Us
to Prolong the Conversation for An Extended Lengy...
Acknowledging I Was Enduring intensive Pain While
trying to Conversate.

Nevertheless, its been About Approximatey
9 full Weeks Sence then... (from Dec. 12/06 til Feb. 18
07) Which is the Present... And Yet, I Still havent
been Able to Conduct that Necessary Conversation
Which Will Contain the facts Of the Event Of
Myself Geting My Jaw broke.

I've Attempted Several times,
to Gain Your Attention through request forms
(Cope Outs) And in Addition to this, I've Personally
Confronted the Asst. Warden In this Matter in
Behalf Of Me being Able to Conduct that
Conversation that II bring My Present investigation
to A Close.

The Asst. Warden, Personally
told Me On One Occasion, that he'll Personally
(13)

instruct You to Personally Come to See Me
And Conduct this Necessary Conversation in which
Well bring You the facts to disclose this
investigation.

In Despite of All this, You Still
havent Came Out to See Me to talk in private.

It's Oblivious And Knowledged, that
Within this Particular investigation that I am the
Victum Who've been Victumized.... therefor,
it's Common Knowledge to Realize I have that
Necessary information in which You Seek to bring
this investigation to A Cease.

I've been More than Willing, if
Not Anxious to Answer Any And All Significant
Questions You Require to be Answered
truthfully.

L.T. Johnson, its just A Matter Of You
Coming Out to Speak With Me in private.

Im Asking for You to Please
Respond to this letter. Thank You !

CC:  Bureau Of Prisons
A. U. S. A. Adam Abensohn
Attorney At law, laurie S. Hershey
Eastern District Of N. Y.  Judge Joseph Bianca

Very truly Yours
C.D. Henni...

HEMMINGS, Christopher
Reg. No.: 63179-053
SHU/IB
Page 1

---

### Inmate Request to Staff Member Response

This is in response to your Inmate Request to Staff Member in which you are state you have not been given the opportunity to discuss the incident when you became a victim of assault with the SIS Lieutenant.  You add you have attempted on several occasions to contact the SIS Lieutenant in regard to this matter.

After evaluating your situation, it is determined that the SIS Lieutenant has interviewed you on three (3) different occasions. The SIA has also spoken with you on several occasions during his rounds conducted in the Special Housing Unit.

I trust this addresses your concerns.


Date MArch 23, 2007

Jonathan C. Miner
Warden

PAGE 1-2

U.S.P. ALLENWOOD
P.O. BOX 3000
WHITE DEER. PA 17887

DATE 3.9.07

DEAR. Mr. CAPLE

      LT. I had So happen to Address you in
Person About An incident that occurred on 3/9/07
Within S.H.U... About Around lunch time i.e About 12:30,
      Nevertheless LT. the Event that took place
between that time frame; involved Me And one of your
Shu officers... however I don't know the name of this
officer, Although you Acknowledge who I'm referring
to due to the fact you, yourself So happen to be
present Within your office when you couldn't help
but over here the loud Commotion which gained your
Attention And lead you to Steping foot out of your office
to only observe the Event that was Displaying infront
Of the Control Center... inwhich gave you A Clear View
Of Vision indeed to not only Acknowledge what was
happening but to Also ▮▮▮▮▮▮▮▮ Acknowledge th
individuals personally involved in the Commotion.
      Now LT. When I later Spoke to you in person
inregards to this incident... I've personally Stated
to you that not only have I been Verbally Abused
Futhermore physical Assaulted As Well. "Attention LT."
he Stated this q/a... racial Comments Such As (you
black fucking nigga ect, while physically Assaulting me.
      LT. you personall told me you would look
father into this matter, however I Await on A Written
report from you on the progress. LT. I'm looking for you
to Correspond through A letter prefile.

  (14)

"Attention"

LT I'm filing a compliant Against
this C/o Also placing A civil Suit Against him
So I need your officers full name thank you!

C.C. File WARden Mr. Miner      truly your
Bereau of Prisons
U.S.A.A. Sean thomas HARAN       C.D. Henning
Attorney At Law Miss. Hershey
Internal Affairs U.S. Dept. of Justice

P.O. BOX 3000
White Deer. PA 17887

Date. 3-9-07

Mr. Warden.

In Writing this here letter in the Regards to having All SHU tape's Seized that Perhaps disping An Evrat that took Place Between Me And One Of Your C/O infront Of the Control Center On 3/9/07 Between the hour's Of 10 am to 10:30 pm thank You Sir. this Request is inreference to Possible Evidence I need for My Civil Suit Against Your Officer.

C.C. FiLE.                          Truly Your
Warden. Mr. Miner
Bereau of Prisons          C. D. Fleming
U.S.A.A. Sean Thomas Hanan
Attorney At LAW Miss. Hershey
Internel Affairs U.S. Dept. Of Justice

White Deer PA 17857

to. Jonathan C. Miner

WARDEN, I'M requesting
to HAVE ALL (S.H.U.) VEDiO tAPES SEIZED iN
PARticuLAR ALL those tAPES Which dispLAY the
ANGLES inFRONT OF the Control Center.
I NEED the VEDiO's dAtED
bACK From 3/9/07 between 10:00 A.M
to SAY About 1:00 P.M.
I PERSONALY hAD AN iNCiDENT
With your S.H.U. OFFicER (SIC) ON SuCH time
And between Such time
"Attention"
Let it be KNOWN Such tAPES
ARE to be USED AS evidENt Within My CiViL
MAttERS. ALSO WARDEN, I HAVE PERSONALLY CAME
to MR. FiSHER A COPE OUt REQUESTING FOR
him to MAKE PHOTO COPiES OF A LAttER
Addressed to you, ONE to L.t. CAPKiO ALSO
two COPiES OF two iNDiViDUAL COPE OUtS
I toLD MR. FiSHER. I NEED SuCH COPiES (A.S.AP.,
yEt FOR Some UNKNOWN REASON to My AcKNOWLEDGEMENT
he SEEMS to be PROLONG, ANd dELAYiNG the
PROCESS OF My REQUEST. COULD yOU PLEASE
LOOK iNto that MAttER FOR ME.

THANK YOU!

Exhibit C

P.S.
   I Patiently Await For A Written
Corresponce Form you.
Again Thank you!


CC. File: A.U.S.A. Adam Abensohn
Laurie S. Hershey. ESQ. Attorney At LAW
Internal Affairs U.S. Dept. Of Justice
Northeast region of the Bureau of Prisons


                    Truly Yours.
        C.D. Harris

Hemmings, Christopher
Reg. No. 63179-053
Unit 1B
Page 1

---

### Inmate Request to Staff Member Response

This is in response to your Inmate Request to Staff Member in which you request the video tapes recording the Special Housing Unit Control Center on March 4, 2007, be secured into evidence.

The institution was in progress of transition to a new video surveillance system during the time period requested and video tapes have not been archived and are no longer used.

I trust this addresses your concerns.

Date   4-2-07

Jonathan C. Miner
Warden

U.S.P. ~~Allenwood~~
PO BOX ~~3000~~
White Deer, PA 17887

Inst. 1 of 2

Let it be familiarized that My recent Statement has been Misconstrued, Perhap's; My Wordden has been Confobulated. Nevertheless I Acknowledge you digested A wrong Perception of My Statement.

(Attention) I've personally Stated I've been Assaulted by Afew individuals while I was in population when I Sustained A broken jaw.

At the Very Moment I've been Assaulted on 12/14/06 (take heed) the Commotion of Event took place within the Eye Sight of An Allenwood Staff member... who so happen to Call the L.T. Whom investigated the incident. By Searching My Mouth, for blood And My body for physical Brused Signs. (Attention) the L.T had Asked Me if I had been Assaulted, "I Admit" I then had refused to ~~tell~~ SEVLAI the truth due to the fact, I was Asked in front of inmates. I fenced to familiarize the truth At that particular Moment because I was in a ~~delemna~~ DILEMMA, I felt if inmates had witnessed Myself telling My life was in futher danger in other institutions in the longevity behind witnessing Me telling. So it was In The best Of My intrest to prolong doing so under those Circumstances.

I was then placed in Shu on (pc) Status... And I personally knew the individuals who had Assaulted Me. was powerful within this institution... they have the inner house power to put out a hit on My life by CO's Or And inmates. This Acknowledgement led Me to Refusing A Cell Mate in general, because

(15)

I realized my life was still in danger! ~~[illegible]~~
~~[illegible]~~
~~[illegible]~~ when I was forced to accept a cellmate
I was forced to fight this individual for my life
for about (2) hours in which I had no assistence
from the staff.

However, I was looked over by a nurse
and she determined from her professional
profession of oppinion that indeed I must had
been involved within a physical altercation with
a cellmate... yet, no incident report has been
written up nor filed on behalf of this incident.

Futhermore, I've also been verbally
and physically abused by a staff member on 3/9/07
check tape (SHU's) on such date indicated above
for proof of physical evidence. exhibit

Attention: please see ~~Exhibit~~ A/B/C/D
Attached. Thank you.

CC: A.U.S.A. Adam Abensohn
Attorney at Law  Laurie S. Hershey
Eastern District of N.Y.  Judge M. Bianca

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _____    _____    _____    _____
       **LAST NAME, FIRST, MIDDLE INITIAL**        **REG. NO.**          **UNIT**          **INSTITUTION**

**Part A– INMATE REQUEST**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____                    _____
        **DATE**                                    **SIGNATURE OF REQUESTER**

**Part B– RESPONSE**




_____                    _____
        **DATE**                                **WARDEN OR REGIONAL DIRECTOR**

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**                       CASE NUMBER: _____

------------------------------------------------------------------------

                                                       CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____    _____    _____    _____
            **LAST NAME, FIRST, MIDDLE INITIAL**        **REG. NO.**          **UNIT**          **INSTITUTION**

SUBJECT: _____

_____                    _____
        **DATE**                             **RECIPIENT'S SIGNATURE (STAFF MEMBER)**

USP LVN                                                         BP-229(13)
                                                                APRIL 1982

HEMMINGS, Christopher
Reg. No. 63179-053
Appeal No. 443253-F1
Page 1

## Part B - Response

This is in response to your Request for Administrative Remedy where you state you need justice from the three inmates who assaulted you. You continue stating you have requested for the Investigative Lieutenant to come speak with you in private. You are also requesting copies of incident reports which the perpetrators who assaulted you may have received.

The Investigative Lieutenant has spoken with you on three different occasions in private during your stay in the Special Housing Unit in addition to several times during his rounds in the Special Housing Unit. Due to insufficient evidence to support your claim of who assaulted you, incident reports have not been written.

Accordingly, your Request for Administrative Remedy is denied. If you are not satisfied with this response, you may appeal to the Regional Director within 20 calendar days of this response.

Date __2/27/07__

Jonathan C. Miner
Warden

BP-A362.060
SEP 05

**INMATE INJURY ASSESSMENT AND FOLLOWUP (Medical)** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| 1. Institution USP Canan | 2. Name of Injured Hemmings Christopher | 3. Register Number 63179-053 |
|---|---|---|
| 4. Injured's Duty Assignment Ret GM7 | 5. Housing Assignment A-1 | 6. Date and Time of Injury 6-23-07 |

| 7. Where did Injury Happen (Be specific as to location) A-1 Cell 176 | Work Related? ☐ Yes ☒ No | 8. Date & Time Reported for Treatment 6-23-07 |
|---|---|---|

9. Subjective, A) Cause of Injury (Inmate's Statement of how injury occurred):

Stated was asleep and cellmate throw water on him

B) Symptoms (as reported by inmate):

No signs of injury or trauma

☒ cuffed

_Signature of Patient_

10. Objective: (Observations or Findings from Examination)          X-Rays Taken _____    Not Indicated ☒
X-Ray Results

No Signs of Injury or Trauma offers no complaints at this time

11. Assessment: (Analysis of Facts Based on Subjective and Objective Data)

No Signs of Injury or trauma

12. Plan: (Diagnostic Procedures with Result, Treatment and Recommended Follow-up)

No treatment offers no complaints
No Signs of Injury or trauma

a. No Medical Attention (Check applicable)

☒ a. No Medical Attention

☐ b. Minor First Aid

☐ c. Hospitalization

☐ d. Other (Explain)

_____

_____

☐ e. Pain assessment: (Optional)

Mild        Moderate        Severe

1--2--3--4--5--6---7--8--9--10

Signature of Physician or Physician Assistant

Original- Medical File; Canary - Safety; Pink - Supervisor; Goldenrod - Correctional Supervisor

(This form may be replicated via WP)                    Replaces BP-S362.060 of FEB 05

♻ PRINTED ON RECYCLED PAPER

USP LVN

JAA-1330-13
November 01, 2004
Attachment A

## ATTEMPT AT INFORMAL RESOLUTION
### (Request for Administrative Remedy)

*The Federal Bureau of Prisons Program Statement 1330.13, Administrative Remedy Program, dated December 22,1995, requires that inmates attempt to informally present their complaint to staff and allow staff to attempt to informally resolve any issue prior to the inmate filing a Request for Administrative Remedy, BP.229( 13). If informal resolution is unable to be accomplished, the inmate will be given a BP.229(13)form.*

*TO BE COMPLETED BY INMATE*

INMATE'S NAME: Hemmings CHRistopHer   REG. NO.: 63179-053  UNIT: A

1.  Complaint (be specific. if related to UDC appeal, specify relevant section of Inmate Discipline Policy): I WAS tRANSfER FROM U.S.P ALLENWood For MY SAFETY FROM INMATE AND OFFICER. COUNSELOR F. FisHER tELL ME I AM going to A F.C.I tHE BUREAU OF PRisoNs tRANSfER ME to A PENitENtiARY iN tHE PENNSYLVANIA U.S.P CANAAN PENitENtiARY I HAVE BEiNG More And More VictiMizE.

2.  What resolution is requested/expected: PLEASE ARRANGE to immEdiAtEly tRANSfER to A SAFE fACiLity FARAWAY FROM NEW YORK REgioN ANd PENNSYLVANIA. IF giVing to ME At FiRSt I don't tHiNK tHESE inCidENCE WouLd HAVEd OECURED.

*TO BE COMPLETED BY STAFF*

3.  Summary of investigation: _____
    SEE Attached. _____
    _____

4.  What actions were taken to resolve this matter informally: _____
    SEE Attached _____

5.  Explain reasons for no resolution: _____
    SEE Attached. _____

Date & Time Issued: 8/8/07 7:40 Am   Correctional Counselor: _____
Date & Time Returned: 8/14/07 7:00 Am Correctional Counselor: _____
Date & Time Investigation Completed and BP229(13) issued: 8/15/07 4:45p
8/15/07 3:00pm
~~Camp Administrator~~/Unit Manager Signature: _____

*Distribution:*   (1) *If complaint is informally resolved, forward the original, signed and dated by the inmate, to the Unit Counselor for filing.*
(2) *If complaint is not informally resolved, forward the original (attached to BP-229(13) form) to the Warden's Office.*

On _____, this issue was informally resolved.

_____
Inmate Signature          Date

.c.c. copY/FiLe:Ch.
WARdeN Mr. Holt
C.C FiLe

United States Supreme Court
intERNAL AFFAiRS U.S. DEPARtment of JustiCE
LAoRie S.HersheY. ESQ AttoRNEY At LAw
United States court of APPEALS

Administrative Remedy Response:
HEMMINGS, Christopher 63179-053

This is in response to your Attempt at Informal Resolution, which was submitted on August 14, 2007. In your Informal Resolution request, you indicate USP Allenwood staff informed you that you were being transferred to an FCI; instead you were sent to a Penitentiary. You also indicate because of your transfer to USP Canaan, you have been victimized. You request an immediate transfer.

A review of your allegation reveals you were transferred from USP Allenwood to USP Canaan on April 10, 2007. Although USP Canaan is structurally designed as a Penitentiary, the institution is currently housing Medium security level inmates. Therefore, you are appropriately housed at this institution.

On June 23, 2007, you were placed in the Special Housing Unit under SIS investigation. This investigation revealed during the morning hours on June 23, 2007, your cell mate threw a waste basket of water on you because you refused to reduce the volume of your radio. The investigation further revealed this was an isolated incident between you and your cell mate. On July 23, 2007, you were released to general population to continue your programing needs.

You have failed to provide any evidence to support your claim that you have been victimized at this institution and/or that a transfer is warranted.

Based on the above information, your attempt at informal resolution is denied.

_____          ___8/15/07___
Kyle Lindsay, Unit Manager                            Date

I have fully discussed this matter with members of my unit team.

_____          ___8/15/07___
Inmate Signature                                            Date

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Hemmings/Christopher David__  __63179 053__  __A__  __CAN__
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A- INMATE REQUEST**

    I was transfer from U.S.P. Allenwood for my safety from inmate and officer counselor E. Fisher tell me I am going to a F.C.I. the Bureau of Prisons transfer me to a Penitentiary in the Pennsylvania U.S.P. Canaan Penitentiary I have being more and more victimize.

    When I went to U.S.P. Canaan Penitentiary in the General Population I spoke to counselor Mr. Gubbiotti Unit Manager, Mr. Lindsay and Mr. Rahett. All so A.W. Mr. Cameron and Warden Holt, I tell them I am a Medium and I am not to be place in the New York Region, U.S.P. Canaan and U.S.P. Allenwood are the one of the closes Penttentiary to the New York area. They all say you soon transfer.

    I came to U.S.P. Canaan on 4-10-07 and at 4-24-07 and officer's allgation that I was laughing during an incident, upon this I was detained from 4-24-07 3:00 P.M. to 4-25-07 9:00 A.M. (Appro 19 Hrs). As this WAS taking place my personal property was distroyed, Lt. Novack instructed me to present my personal property recoipt, I did as instructed, but my property was held for about 5 to 6 days after my compliance, and when I recieved my property a few items were missing, and a great deal was distroyed.

    On June 23, 07, I was asleep in my cell and my cell-mate throug filthy water on me in my bed while I was asleep. When I got up out of my sleep wet filthy wet, officers was at

__8/15/07__            __C. D. Hemmings__
DATE                SIGNATURE OF REQUESTER

**Part B- RESPONSE**


DATE                           WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**SECOND COPY: RETURN TO INMATE**      CASE NUMBER: __46 4454 - A1 F__

                                    CASE NUMBER: __464454 FAF__

**Part C- RECEIPT**

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____                                       
DATE                            RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN        PRINTED ON RECYCLED PAPER                     BP-229(13)
                                               APRIL 1982

Continues: BP-9

my door witness me in my bed. I was placed in the Special Housing Unit under SIS Inestigation for a possible fight. Also, upon myself being housed in S.H.U., I was sending factual documents pertaining to my transfer to the Courts, but some of my mail was retruning bact to me with two unknown letters, and one peice of my mail was missing.

Upon my release from Special Housing Unit under SIS Investigation, I once again read my Remedy Response: it says that on June 23, 2007, during the morning hours my cell mate poured water, because my radio was too loud There is no way my ear buds could be so loud this only demonstrated further herassment. My radio is a small Sony model walkman, with ear buds, not loud head phones. This would make the allegation, far less, and of no merit. I find this all after spending one month in Special Housing Unit.

Upon review, my current Housing is U.S.P. Canaan when I was told I would be housed in a F.C.I. (Medium) out of the New York Region . At the present time there are 1600 inmates here (at U.S.P. Canaan) and life in harms ways, because (1) I was told I'd be housed a way from N.Y.S. (2) I am being herassed by Inmates as well as staff, and (3) out of the 1600, 20% are U.S.P. and the F.B.O.P. are not moving people out at any rate, what they are doing is creating a situations that would workout an increase  in points to keep medium prisoners inside the Penittentiary, as it is currently turning over to a Penitentiary, and this Penitenitiary is creating situations that would bring medium inmates points to Penitentiary Let the record reflects that Judge Joseph Bianco specifically requested that the F.B.O.P. not place Mr. Hemmings in the the New York Region, it appears that a facility in Pennsylvania is too close to New York Region these are my reasons for an immediate transfer to a safe facility from New York and Pennsylvania Region. If this would have been given to me at first, I don't think any of these situations would not have accured. *I REQUEST A immediAtely HAN SFER to A SAFE FACILITY FROM NEW YORK REGION AND PENNSYLVANIA. IF giving to ME FIRST I DONT THINK THESE INCIDENTS WOULD HAVE OCCURD*

C.C. Copy/file:C.h.    See Exhibit A-B-C-D-E-F-G-H

United States Supreme Court
*INSPECTOR GEN, CIVIL RIGHT, CIVIL liberty*
Warden. Mr. Holt    Internal Affairs U.S. Department of Justice
United States Court of Appeals

C.C. File        Laurie S. Hershey, Esq., Attorney At Law

*Very truly yours*
*C. D. Hemmings*

U.S.P. *illegible* *illegible*
P.O. Box *illegible*
*illegible*

*illegible*

*illegible*

*illegible* gAте *illegible*

*illegible* oN

*illegible* reference
to Possible evidence I had My own *illegible*.

C.C. *illegible*

C. D. *illegible*

13 EXhiBit B    tAPES

U.S.P. CANAAN PENITENTIARY
P.O. BOX 300
WAYMART, P.A. 18472

DATE. 10-24-07

to. Lieutenant CLOOKEY

Lieutenant I'M requesting to
have ALL S.H.U. vedio tApes seized in
PARticulAr ALL those tope Which displAy the
ANGLes inFront oF cell 206.

I need the vedio dated
bACK From 10-24-07 between 6:30 A.M. to
SAY About 8:00 A.M.
"Attention"
Let it be KnowN such
tapes Are to be used As evident in this
MAtter if it go to D.H.O. Are to the Court.
C.C. copY/File c.h.
WArden R. Holt, USP CANAAN PENitentiArY
INSpector Gen., CivilRights, CivilLberty
United StAtes Court oF AppeALs
United StAtes SupReMe Court
Agent For the goverNMent
C.c.File
VeRY truLY your
C. D. HeNNiNG

CAA-1330.13
November 2004
Attachment A

MV 11/2/07

# ATTEMPT AT INFORMAL RESOLUTION
## (Request for Administrative Remedy)

*The Federal Bureau of Prisons Program Statement 1330.13, Administrative Remedy Program, dated December 22, 1995, requires that inmates attempt to informally present their complaint to staff and allow staff to attempt to informally resolve any issue prior to the inmate filing a Request for Administrative Remedy, BP.229(13). If informal resolution is unable to be accomplished, the inmate will be given a BP.229(13) form.*

*TO BE COMPLETED BY INMATE*

INMATE'S NAME: _Christopher D. Hemmings_ REG. NO.: _63179-053_ UNIT: _S.H.U._

1. Complaint (be specific. if related to UDC appeal, specify relevant section of Inmate Discipline Policy): _My Administrative Remedy returned Date 10-31-07, At Unit Counselor Mr. Jordan give me the mail And Date 11-8-07, 8 Day Later I received the mail, if Counselor Mr. Jordan Vilate my due Process Right intentionally, Counselor Jordan mus call the Region_

2. What resolution is requested/expected: _I Am requested Counselor Mr. Jordan call the Region And Let them know I received the mail And 11-8-07, this is the second time Unit A1 Hold My mail I requested that Counselor Mr. Jordan go to a Lower Position_

*TO BE COMPLETED BY STAFF*

3. Summary of investigation: _SEE ATTACHED RESPONSE_

4. What actions were taken to resolve this matter informally: _SEE ATTACHED RESPONSE_

5. Explain reasons for no resolution: _SEE ATTACHED RESPONSE_

Date & Time Issued: _11/2/07   0730_   Correctional Counselor: _____
Date & Time Returned: _11/3/07   0730_   Correctional Counselor: _____
Date & Time Investigation Completed and BP229(13) issued: _11/4/07   0730_

Camp Administrator/Unit Manager Signature: _____

**Distribution:** (1) If complaint is informally resolved, forward the original, signed and dated by the inmate, to the Unit Counselor for filing.
(2) If complaint is not informally resolved, forward the original (attached to BP-229(13) form) to the Warden's Office.

On _____, this issue was informally resolved.

_____          _____
Inmate Signature                              Date

_C.C. Copy/File: c.h. United States Court of Appeals_
_United States Supreme Court_

**Response to Attempt at Informal Resolution**
**Hemmings, C. #63179-053**

This is in response to your request for administrative remedy, receipted 11/13/2007. You claim Unit Team intentionally violated your due process rights by not providing administrative remedies to you. You request Unit Team contact the North East Region concerning this matter.

Upon review of your complaint, supporting documentation, and staff involved it was discovered; Policy states; *An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located.*

You were provided copies of two DHO Reports on 9/24/2007. According to the above program statement you were required to appeal the decision of the DHO within 20 calender days of the receipt of the report, 10/14/2007 and failed to do so. Due to your untimely request and submission of these Administrate remedies your Regional Administrative Remedies may be denied, as you requested them on 10/31/2007.

Further, you received this Attempt at Informal Resolution by Unit Team on 11/02/2007, an additional Attempt at Informal Resolution on that same date, a BP-09 Administrative Remedy on that same date, and a Tort Claim form for the same issue. All these forms are dated and logged as being issued to you on 11/02/2007. Therefore, your claim you did not have access to Unit Team or the Administrate Remedy process until 11/08/2007 is unfounded.

A. Jordan, Correctional Counselor

11-14-2007