UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Christopher D. Hemmings,<br><br>Plaintiff,<br><br>v.<br><br>United States of America *et al.*,<br><br>Defendants. | Civil Action No.  08-0907 (JDB) |

## MEMORANDUM OPINION

This civil action is brought *pro se* by a federal prisoner currently confined at the United States Penitentiary in Florence, Colorado.  Plaintiff sues the United States, the Bureau of Prisons ("BOP"), the Department of Justice, BOP Director Harley Lappin, BOP Administrator of Inmate National Appeals Harrell Watts, 17 other BOP employees in New York and Pennsylvania, and two assistant United States attorneys in Brooklyn, New York, for alleged constitutional violations and common law torts.  The complaint is based on events that are alleged to have occurred during plaintiff's incarceration at the Metropolitan Detention Center in Brooklyn, New York, and the United States Penitentiary in Allenwood, Pennsylvania.  *See* Compl. at 6-9. Plaintiff seeks $6 million in monetary damages and his "immediate removal out of the B.O.P. [p]enitentiary institutions[.]"  *Id*. at 16.

Defendants move to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, Rule 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(3) for improper venue and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  The Court is satisfied that it has subject matter jurisdiction over

plaintiff's constitutional claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and perhaps over the tort claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Defendants' Rule 12(b)(1) motion to dismiss therefore is denied.

Defendants rightly assert, though, that this venue is improper for litigating plaintiff's claims. The applicable venue statute for the *Bivens* claim states in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]

28 U.S.C. § 1391(b). Similarly, the FTCA's venue provision limits prosecution of such a claim to "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Because none of the events giving rise to the complaint occurred in the District of Columbia, this judicial district is not the proper venue for litigating either the *Bivens* or the FTCA claim. Hence, the Court grants defendants' Rule 12(b)(3) motion to dismiss. A separate Order accompanies this Memorandum Opinion.

s/
JOHN D. BATES
United States District Judge

Dated: April 15, 2009